UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MYLAS ROME, | ) |
| Plaintiff, | ) Case No. |
| vs. | ) St. Louis County Circuit Court |
| | ) Cause No. 22SL-CC02846 |
| EDUARD CHABALLA, | ) |
| WERNER ENTERPRISES, INC., | ) |
| LOVE'S TRAVEL STOP, INC., and | ) |
| JOHN DOES 1-5, Individually, | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendant Werner Enterprises, Inc., pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice for the Removal of the above-entitled action to the United States District Court for the Eastern District of Missouri, Eastern Division, and for grounds therefore respectfully states:

**A.   Venue is proper in the United States District Court for the Eastern District of Missouri, Eastern Division**

1. The above-entitled action, now pending in the St. Louis County, Missouri Circuit Court, is a civil action at law brought by Plaintiff, above-named, against Defendants to recover damages.

2. The incident alleged by Plaintiff has arisen within the jurisdiction or boundaries of the United States District Court, Eastern District of Missouri, Eastern Division.

3. Pursuant to 28 U.S.C. §1446(a), venue lies in the United States District Court for the Eastern District of Missouri, Eastern Division, because St. Louis County, Missouri is within the Eastern District of Missouri, Eastern Division.

**B.      The Procedural Requirements for Removal are Satisfied**

4.      The Amended Complaint, which is attached hereto as part of Exhibit 1, was filed on July 12, 2022 and served upon Defendant Werner Enterprises on July 14, 2022; therefore, the time for filing this Notice of Removal under 28 U.S.C. § 1446 has not yet expired.

5.      Written notice of the filing of this Notice of Removal is being given to Plaintiff and a copy of this Notice of Removal is being filed with the St. Louis County Clerk of Court pursuant to 28 U.S.C. §1446(d).

6.      A copy of all known process, pleadings and orders from the state case are attached collectively hereto as **Exhibit 1** in accordance with 28 U.S.C. §1446(a).

**C.      There is Diversity Among The Original Parties**

7.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a) and removal to this Court is proper pursuant to 28 U.S.C. §1441(b)(2) because Defendant is not a citizen of this State, and there is complete diversity of citizenship between all parties.

8.      Plaintiff Mylas Rome was, at the time of the commencement of this action, and has been ever since, an individual domiciled in Georgia and is a citizen of Georgia.

9.      Defendant Eduard Chaballa was at the time of the commencement of this action, and has been ever since, a citizen and resident of Florida.

10.     Defendant Werner Enterprises is a Nebraska corporation with its principal place of business in Omaha, Nebraska, and, therefore, is a citizen and resident of Nebraska at the time of the commencement of this action and at the time of this removal.

11.     Defendant Love's Travel Stop, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma and, therefore, is a citizen and resident of Oklahoma at both the time of the commencement of this action and at the time of this removal.

    **D.**    **The Amount in Controversy Exceeds $75,000**

12. The matter and amount in controversy in this action, exclusive of interest and costs, exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00) as required by 28 U.S.C. § 1332(a).

13. Where the defendant seeks to invoke federal jurisdiction through removal, it bears the burden of proving that the jurisdictional threshold is satisfied. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). The defendant's burden under Eighth Circuit law is "to prove the requisite amount in controversy, by a preponderance of the evidence." *Id.* "Under the preponderance standard, '[t]he jurisdictional fact … is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are[.]'" *Mishra v. Coleman Motors, LLC*, No. 4:16-cv-01553, 2017 WL 994868, *1, *4 (E.D. Mo. Mar. 15, 2017) (slip copy) citing *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

14. A removing defendant may satisfy its burden "by looking at the face of the complaint alone." *Mishra*, 2017 WL 994868, at *4 citing *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2002).

15. Here, Plaintiff alleges that he suffered injuries in an automobile accident, causing personal injuries. Specifically, Plaintiff has alleged that, as a result of the accident, he suffered serious and permanent physical injuries; current and long term future medical expenses; pain and suffering, emotional distress, loss of enjoyment of life, future pain and suffering and emotional distress; lost income, revenue and wages; and loss of business assets; some and/or all of Plaintiff's conditions and injuries and damages are progressive and continuing and permanent. See **Exhibit 1.**

    **E.**    **Consent of Served Defendants**

16. 28 U.S.C. §1146(b)(2)(A) provides: "When a civil action is removed solely under section 1441(a), all defendants who have been properly **joined and served** must join in or consent to the removal of the action." (emphasis added).

17. Defendant Werner has no knowledge or notice that neither Defendant Eduard Chaballa nor Defendant Love's Travel Stop have been served with process in this case at the time of this Notice of Removal. *See* St. Louis County Docket Sheet, attached hereto as **Exhibit 2**.

**WHEREFORE**, Defendant Werner Enterprises, Inc. prays that this Honorable Court enter an Order causing said Cause No. 22SL-CC02846 of the St. Louis County, Missouri Circuit Court to be removed to this Court for further proceedings, and that this Court take jurisdiction herein, and make further orders as may be just and proper.

      */s/ Kevin L. Fritz*
Kevin L. Fritz      #41638
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, MO  63101
(314) 621-2939 (Telephone)
(314) 621-6844 (FAX)
klfritz@lashlybaer.com

*Attorneys for Defendant Werner Enterprises, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 8, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon:  Yari Lawson, 1755 N. Brown Road, Ste. 200, Lawrenceville, GA 30043, yari@lawsonfirm.com, and Cephus Richard, III, Richard Trial Attorneys, PLLC, 4303 N. Central Expressway, Dallas, TX 75205, Attorneys for Plaintiff.

      */s/ Kevin L. Fritz*