Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

**22SL-CC02846**

## IN THE CIRCUIT COURT OF SAINT LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| MYLAS ROME, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )  Jury Trial Demand |
| Eduardo Chaballa, | ) |
| Individually and | ) |
| , and WERNER ENTERPRISES | ) Petition for Injuries |
| INC, | ) |
| LOVES's TRAVEL STOP, INC | ) |
| and John Doe 1-5, Individually | ) |
| Defendants. | ) |

## PETITION FOR INJURIES

COMES NOW Plaintiff Mylas Rome and files this Petitions agains Defendants for injuries pursuant R.S.Mo. § 537.020, and states and alleges as follows:

### PARTIES

1.      Plaintiff Mylas Rome is an individual who resides in Lagrange, Georgia.

2.       Werner Trucking Enterprises is a Nebraska corporation registered to do business in Missouri  as Werner Trucking Enterprises, Inc. and can be served at 12747 Olive Blvd, suite 300 St Louis, MO 63141.

1

EXHIBIT 1

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

3.      Defendant Eduardo Chaballa is an individual adult who is a resident of Pinellas County, Florida. Chabala may be served at 2555 Nursery Rd. Apt 3101, Clearwater, FL 33764.

4.      At all times material hereto, Werner Trucking Enterprises, Inc. assigned USDOT Number was 53467 and its assigned MC Number was 138328.

5.      Love's Travel Stop is an Oklahoma corporation who has operations in Missouri and has a registered agent located at 120 C Central Avenue, Clayton Missouri, 63105.

6.      John Doe's 1-5 are individuals who are and may be residents of Saint Louis County Missouri and are employees of Love's Travel Stop.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction.

8.      This Court has personal jurisdiction over Defendants because all Defendants committed tortious acts in the State of Missouri, the Motor Carrier defendants conduct substantial business operations in the State of Missouri, the Motor Carrier defendants have consented to jurisdiction under 49 U.S.C. § 10330, Defendant Werner is also a foreign corporation, authenticated and registered to do business in the state of Missouri, and one or more of the Defendants reside within the jurisdiction of this Court.

9.      Venue is proper in this Court pursuant to R.S.Mo § 508.010.4 because the tortious acts and conduct of the Defendants occurred in this county.

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

## COMMON FACTUAL ALLEGATIONS

10.     The injuries occurred as a result of a collision that took place on or about July 28th 2020 at the Love's Travel Stop located at 13945 Missouri Bottom Road in Bridgeton Missouri, 63044, Saint Louis County.

11.     Edward Chabala, an employee of Werner Trucking Enterprises, Inc., acting in the course and scope of employment for Werner, was driving a tractor-trailer owned and/or controlled by Werner.

12.     Defendant, Chabala was driving the Werner tractor-trailer in the through the parking lot of the Love's Travel Stop when he was attempting to park the tractor-trailer in a reserved parking area.

13.     While attempting to back the tractor-trailer into the parking spot, Defendant Chabala failed to maintain safe control of the tractor-trailer and backed the tractor-trailer into the front end of the tractor-trailer that was under the care and control of Plaintiff, Mylas Rome.

14.     At all times relevant to the set of facts that give rise to this incident, Plaintiff was sitting in this driver's seat of his parked tractor-trailer resting at the truck stop and appropriately parked.

15.     When Defendant Chaballa backed  his tractor-trailer into Plaintiff Rome's tractor-trailer, the collision caused damage to the front bumper of Mr. Rome's truck and caused the steering of the tractor-trailer to push into Mr. Rome's abdomen.

16.     After the collision, Defendant Chabala failed to stop, instead; he

3

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

continued to drive out of the trucking stop until he was apprehended on the highway by a responding law enforcement officer.

17.     As a direct and proximate result of the collisions, Mylas Rome suffered serious and permanent physical injuries.

**COUNT I – CLAIMS AGAINST DEFENDANTS WERNER AND CHABALA**

18.     Plaintiff hereby adopts by reference the allegations contained inparagraphs 1 through 17 as though set forth in full and restated herein.

19.     Defendant Werner is and was at all times material hereto a "motor carrier" and an "employer" of drivers of "commercial vehicles" as those terms are used and defined in the Federal Motor Carrier Safety Regulations and is subject to such rules and regulations as promulgated and codified within 49 C.F.R. Parts 382 et. seq.

20.     At all times material hereto, the Werner tractor-trailer was a "commercial motor vehicle" under 49 C.F.R. § 390.5.

21.     The Federal Regulations cited herein are adopted and enforced by the State of Missouri as standards and laws of this state pursuant to R.S.Mo. §390.201.

22.      At all times material hereto, Chabala was the agent, servant and employee of Werner, and Werner had the authority, right and duty to control and supervise him.

23.     At all times material hereto, Chabala operated the tractor-trailer

4

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

under the USDOT Motor Carrier Authority of Werner.

24.     At all times material hereto, Chabala operated the tractor-trailer with the knowledge, consent and permission of Werner.

25.     Werner is vicariously liable for Chabala's negligence and recklessness pursuant to the principles of agency and *respondeat superior*.

26.      Werner and Chabal owed a duty to operate the tractor-trailer with the highest degree of care and in a very careful, prudent and lawful manner in order to avoid harming anyone.

27.     Chabala failed to exercise the highest degree of care, and failed to conduct himself in a careful, prudent, and lawful manner, and was negligent and reckless in the operation of a commercial motor vehicle in one or more of the following respects:

   a.     In driving too fast for the conditions and circumstances.

   b.     In failing to look for, appreciate and respond to unsafe driving indicators and conditions;

   c.     In failing to keep a careful look out;

   d.     In failing to reduce his speed after observing unsafe driving conditions;

   e.     In operating the Werner tractor-trailer on the roadway when conditions required him to stop operating a commercial motor vehicle on the roadway;

   f.     In failing to maintain control of the commercial motor vehicle;

   g.     In failing to properly look out for blind spots;

   h.     In improperly backing the tractor trailer

   i.     In operating a commercial motor vehicle in a fatigued, ill and/or

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

impaired condition;

j.      In permitting his tractor-tractor to strike a vehicle that was parked;

k.      In violating applicable provisions of the Federal Regulationsand/or other applicable statutes and/or codes; and

l.      Such other acts and omissions of negligence as may be shown during the discovery and trial of this matter.

28.     Each of the above acts and/or omissions, singularly and cumulatively, constitute negligence and were a proximate cause or contributing cause of the resultinginjuries, death and damages alleged herein.

29.     Independent of its vicarious liability, Defendant Werner had a duty to exercise reasonable care in hiring, retaining, training and supervising its drivers and other employees, including Chabala.

30.     Independent of its vicarious liability, Defendant Werner had a duty to exercise reasonable care in entrusting its vehicles and equipment— and any and all vehicles and equipment under its control—to responsible, competent and qualified drivers.

31.     Independent of its vicarious liability, Werner failed to exercise reasonablecare and was itself negligent, careless and reckless in one or more of the following respects:

a.      In entrusting its tractor-trailer to an individual who it knew or should have known had inadequate experience, training and knowledge to safely operate the vehicle;

b.      In entrusting its tractor-trailer to an individual who it knew or should have known had exhibited a pattern of negligence and recklessness;

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

c.   In hiring Chabala and entrusting him with the tractor-trailer;

d.   In failing to adequately train, instruct, supervise and monitor Chabala concerning the safe operation of a tractor-trailer;

e.   In failing to adequately train, instruct, supervise and monitor Chabala regarding proper lookout, backing into a parking spot, the relationship between speed, visibility and reaction time, and avoiding distractions;

f.   In failing to train, instruct, supervise and monitor Chabala regarding proper procedures and protocols to anticipate and to be followed in the event of an emergency;

g.   In failing to train, instruct, supervise and monitor Chabala regarding proper procedures and protocols to safely park a vehicle in a truck stop and how to properly back a tractor-trailer into a parking spot at a truck stop.

h.   In failing to train, instruct, supervise and monitor Chabala to make sure he was not too fatigued or ill, or not likely to become too fatigued or ill, to safely operate a commercial motor vehicle;

i.   In permitting or requiring Chabala to operate a tractor-trailer when he was too fatigued or impaired to operate a commercial motor vehicle safely; and

j.   Such other acts and omissions of negligence as may be shown during the discovery and trial of this matter.

32.   Each of the above acts and/or omissions, singularly and cumulatively, constitute negligence and were a proximate cause or contributing cause of the resulting injuries, death and damages alleged herein.

33.   Chabala and Werner were negligent *per se* in violating certain Missouri

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

Statutes. and Federal Motor Carrier Safety Regulations which were enacted for the benefit of Mylas Rome, Plaintiff and others traveling on public roadways, including, but not limitedto the following:

a.  R.S.Mo. § 304.014, requiring all persons operating or driving a vehicle on the highways of Missouri to observe and comply withthe rules of the road;

b.  R.S.Mo. § 304.017, requiring that drivers not follow another vehicle more closely than is reasonably safe and prudent, havingdue regard for the speed of such vehicle and the traffic upon andthe condition of the roadway;

c.  49 C.F.R. §390.3, which requires motor carriers to be knowledgeable of and comply with all regulations applicable to it and requires it to instruct every driver and employee with regard to all applicable regulations;

d.  49 C.F.R. §391.11, which prohibits a person from diving a commercial motor vehicle unless he or she is qualified to drive acommercial motor vehicle;

e.  49 C.F.R. §383.111, which requires that all commercial motor vehicle operators have knowledge of the following areas: procedures for safe vehicle operations; the effects of fatigue, poor vision and general health upon safe commercial motor vehicle operation; proper procedures needed to use a commercial motor vehicle's safety systems in an emergency situations; speed management and variables such as speed, visibility, surface conditions, traffic flow and stopping distance; hazard perception; emergency maneuvers such as evasive steering, emergency stopping, and brake failure;

f.  49 C.F.R. §396.7(a), which states that a motor vehicle shall not beoperated in such a condition as to likely cause an accident or a breakdown of the vehicle;

g.  49 C.F.R. §392.2, which requires that every

commercial motor vehicle be operated in accordance with the laws, ordinances and regulations of the jurisdiction in which it is being operated;

h.  49 C.F.R. §392.3, which provides that no driver shall operate a motor vehicle and a motor carrier shall not require or permit a driver to operate a motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness or any other cause, as to make it unsafe for him to begin or continue to operate the motor vehicle;

i.  49 C.F.R. §390, which states that no person shall aid, abet, encourage, or require a motor carrier or its employees to violate the Federal Motor Carrier Safety Regulations;

j.  40 C.F.R. §390.3(e)(1), which requires motor carriers to be knowledgeable and comply with all regulations applicable to it and requires it to instruct every driver and employee with regard to all applicable regulations;

k.  4 C.F.R. §391.11, which prohibits a person from driving a commercial motor vehicle unless he/she is qualified to drive a commercial motor vehicle;

l.  49 C.F.R. part 395 which prohibits a driver from operating a commercial motor vehicle after the driver has reached the maximum hours of service;

m.  9 C.F.R § 392.80, which prohibits texting while driving;

n.  49 C.F.R. § 392.82, which prohibits use of a hand-held mobile telephone while driving; and

o.  Such other acts and/or omissions of negligence as may be shown during the discovery and trial of this matter.

34.  Mylas Rome was within the class of persons intended to be protected by these statutes and federal regulations.

35.  These statutes and federal regulations were designed and

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

intended to prevent the type of injuries by Plaintiff.

36.     Each of the above acts and/or omissions, singularly and cumulatively, constitute negligence *per se* and were a proximate cause or contributing cause of the resulting injuries, death and damages alleged herein.

37.     At the time Chabala was operating the tractor-trailer and caused the collisions,he knew or in the exercise of ordinary care should have known that his conduct was outrageous and created a high degree of probability of injury to others and thereby showed willful and wanton disregard for the safety of others, including Plaintiff, which entitles Plaintiff to damages for aggravating circumstances.  Specifically, it is an aggravating circumstance that Chabala failed to cease the operation of his tractor-trailer after striking Plaintiff's tractor trailer and by continuing to to drive out of the truck stop and on to the highway.

38.     Werner is vicariously liable for damages for aggravating circumstances.

39.     Independent of its vicarious liability for Chabala's recklessness and willful andwanton conduct, Werner itself knew or in the exercise of ordinary care should have known that its conduct and the conduct of its employees or agents was outrageous and created a high degree of probability of injury to others, and showed willful and wanton disregard for the safety of others, including Plaintiff, yet required, sanctioned, ratified, and/or permitted such conduct, which entitles Plaintiff to damagesfor aggravating circumstances.

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

40.     Plaintiff Mylas Rome, individually, brings claims for personal injuries and damages that he sustained in the collisions.

41.     As a direct and proximate result of Defendants Chabala and Werner's actions and omissions, Plaintiff suffered the following injuries and damages:

      a.     Abdominal contusion and bleeding, respiratory injuries, including shortness of breath, other abdominal and gastrointestinal injuries, abdominal pain, bowel pain and discomfort; and other undiagnosed injuries;

      a.     Operations and surgeries for his injuries, physical therapy and rehabilitation, and long-term acute care;

      b.     Medical expenses in the care and treatment of his injuries and future medical expenses for the remainder of his life;

      c.     Pain and suffering, emotional distress, and the loss of enjoyment of life and future pain and suffering, emotional distress, and the loss of enjoyment of life due to his severe and permanent injuries;

      d.     Lost income, revenue, and lost wages; and the loss of business assets; to wit; his tractor-trailer.

42.     Furthermore, Plaintiff is entitled to damages for aggravating circumstances from Defendant Werner.

**<u>COUNT II. CLAIMS AGAINST LOVE'S TRAVEL STOP AND JOHN DOES 1-5</u>**

43.     Love's Travel Stop (herein after may also be referred to as "Love's") is a 24-hour convenient store for truck drivers and motorists.

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

44.     Love's welcomes truck drivers to its locations to to fuel, purchase fuel, and to rest. As a result, their parking lot serves as a truck stop in addition to the fact that their convenient store serves regular motorists.

45.     Love's owes a duty of reasonable care in the construction, layout, design, and flow of its parking lot so that no unsafe condition is created for the truckers invited to its truck stop.

46.     Love's and its managers and employees, John Does, 1-5, knew or should have known about the dangerous condition that existed in the Love's parking lot construction, layout, design, and flow and failed to take adequate measures to correct the unsafe condition.

47.     As a direct and proximate cause of the negligence of Love's and John Does 1-5, the collision that occurred between Chabala and Plaintiff happened and caused serious injuries to Plaintiff.

48.     Love's is vicariously liable for the conduct of John Does 1-5.

WHEREFORE, Plaintiff prays for judgment against all Defendants, jointly and severally, for all allowable damages and for aggravating circumstances damages  in an amount that is fair and reasonable as determined by a jury against Chabala and Werner, prejudgment interest,post-judgment interest, costs and all other proper relief.

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

## <u>JURY DEMAND</u>

Plaintiff demands a jury trial on all issues.

Respectfully submitted,

/S/ YARI D. LAWSON, ESQ
_____

Yari D. Lawson

Georgia Bar No. 076180

1755 N Brown Rd Suite 200

Lawrenceville, GA 30043

(678) 690-5256

yari@lawsonfirm.com

/S/ CEPHUS RICHARD, III ESQ
_____

Cephus Richard, III

Missouri Bar No.b 59664

Richard Trial Attorneys, PLLC

4303 N. Central Expressway

Dallas, TX 75205

**<u>Attorneys for Plaintiff</u>**

**22SL-CC02846**

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

**IN THE CIRCUIT COURT OF SAINT LOUIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| MYLAS ROME, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )  Jury Trial Demand |
| Eduardo Chabala, | ) |
| Individually, | ) |
| WERNER ENTERPRISES, INC | )  Petition for Injuries |
| LOVE's TRAVEL STOP, INC. | ) |
| And John Does 1-5, Individually | ) |
| | ) |

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT**
**WERNER ENTERPRISES, INC.**

**COMES NOW** the Plaintiff, and submits the following interrogatories to Defendant Werner Enterprises, Inc., to be answered by Defendant, under oath, separately and fully, in writing. The interrogatories are to be deemed continuing so as to require supplemental answers in the event additional information is obtained by or on behalf of Defendant after service of the original answers.

1.      State the name, including former names, personal address for the last ten (10) years, social security number, business address, and job title of the Defendant answering these interrogatories.

**ANSWER:**

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

2.      State the full corporate status of Werner Enterprises, Inc., including but not limited to the state of incorporation, the date of incorporation, whether or not the corporation is authorized to do business in the State of Missouri, the name and address of the registered agent within the State of Missouri, purpose of the business, the names of all corporate officers and directors, and the address of the principal place of business.

**ANSWER:**

3.      For each statement allegedly made by the Plaintiff or representatives concerning the facts and occurrences described in the Petition that the Defendant, its agents, servants, or employees, or anyone acting on Defendant's behalf, have or claim to have knowledge of, please state the details of the statement, including but not limited to: the date and place of each such statement or statements made, the name of all persons who were present when such statement or statements were made and whether such statement(s) were in writing, by recording device or stenographer.  Attach a copy of each such statement to your answers to these interrogatories.  If the statement or statements were verbal, please detail each and every statement.

**ANSWER:**

4.      For each expert you expect to call as a witness at trial, please name the expert and state the following:

a.      The address at which they may be located;

b.      The subject matter on which the expert is expected to testify;

c.      The substance of the facts and opinions to which the expert is expected to testify;

Electronically Filed - St Louis County - June 06, 2022 - 07:12 PM

    d.      The summary of the grounds for each opinion.

    e.      The qualifications of each expert witness, including a list of all publications authored by the expert witness within the preceding ten (10) years;

    f.      The compensation to be paid to the expert witness for the testimony and preparation for the testimony; and

    g.      A listing of any other cases in which the expert witness has testified as an expert at trial or by deposition within the preceding four (4) years.

**ANSWER:**

    **a.**

    **b.**

    **c.**

    **d.**

    **e.**

    **f.**

    **g.**

5.      Regarding the accident described in the petition, state the names and addresses of each person known to Defendant, its agents, servants, employees, attorneys, insurers, or representatives, who witnessed or claimed to have witnessed the accident or who claimed to have been at or viewed the scene of the accident or any of the participants within sixty minutes before or after it occurred or who claimed to be a witness to any skid marks, gouge marks, debris or other physical evidence resulting from the accident or who were occupants in Defendant's vehicle.

**ANSWER:**

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

6.      State whether any photographs were made of the scene of the accident described in the petition which show the vehicles in their final resting place, or any skid marks, gouge marks, debris or other physical evidence which Defendant claims or alleges resulted from the accident; and state whether any photographs were made of any of the vehicles involved in the accident which reflect their physical condition immediately after the accident; and state whether any photographs were made of any of the persons involved in the accident which reflect their physical condition immediately after the accident; and state whether any photographs were made of any of the persons involved in the accident which reflect their physical condition or injuries received as a result of the accident.  If your answer is anything other than an unqualified "no", please state:

a)  The number of photographs taken and a general description of the items depicted in each respective photograph;

b)  The date and time that each photograph was taken and the name, address, and telephone number of the present custodian of each picture.

**ANSWER:**

7.      Describe with specificity the hiring process you went through regarding the hiring of Defendant Edward Chabala, including an explanation of what information you obtained in any background report, driving history, and safety record prior to engaging his services.

**ANSWER:**

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

8.      State the full itinerary for the forty-eight (48) hours immediately preceding the occurrence of Defendant Chabala and vehicle involved in the occurrence, stating the place and time of the beginning of each trip, the place and time and duration of each stop, the routes taken, the final destination, the anticipated time of arrival at that destination and the details of Defendant Chabala's sleep/drive schedule for those forty-eight (48) hours.

**ANSWER:**


9       State in detail how the accident happened.

**ANSWER:**


10.     State the number of miles and hours Defendant Chabala had driven:

        a)  In a 120-day period before the wreck;

        b)  In a 60-day period before the wreck

        c)  In a 30-day period before the wreck;

        d)  In a two-week period before the wreck;

        e)   In a seven-day period before the wreck;

**ANSWER:**

11.     State the name, last known address, and phone number, of any witnesses that you contend have information or knowledge regarding Plaintiff's damages.

**ANSWER:**

12.     State with specificity any and all log violations that have been made by Defendant Edward Chabala during his employment with Werner Enterprises, Inc. in the last five (5) years or since he has been working with Werner, whichever is shorter.

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

**ANSWER:**

13.     State the work history of Defendant Chabala with Werner Enterprises, Inc., including but not limited to date of hire, training, who hired Edward Chabala, who trained Edward Chabala, and number of hours Edward Chabala spent training, and the number of hours prior to this accident Defendant spent driving a tractor trailer.

**ANSWER:**

14.     At the time of the accident described in the Petition, did a policy or did policies of liability insurance cover the vehicle being operated by Defendant Chabala?  If your answer is in the affirmative, state for each policy:

    a.      The name and address of each insurer;

    b.      The name and address of each named insured under each policy;

    c.      The policy number of each policy;

    d.      The nature of the coverage provided under each such policy;

    e.      The limits of liability afforded under each such policy;

    f.      The name and address of the custodian of each such policy;

    g.      Attach a copy of each and every such insuring agreement or policy to your answers to these interrogatories.

**ANSWER:**

Electronically Filed - St Louis County - June 06, 2022 - 07:12 PM

15.     At the time of the accident specified in the Petition, did Werner Enterprises, Inc. have a drug policy in force?  If so, state the pre-hire policy of Werner Enterprises, Inc. and the ongoing testing policy of the employees of Werner Enterprises, Inc..

**ANSWER:**


16.     If Defendant Werner Enterprises Inc. ever required a drug test of Defendant Chabala, prior to being hired or at any time after being hired, state the dates of each test, the results of each tests, who performed each test, and who verified the results of each test.

**ANSWER:**

17.     Please identify (to include name and corporate address) the Safety Director or equivalent manager or any individual(s) responsible for overseeing the training and/or safety programs for Werner Enterprises Inc..

**ANSWER:**


18.     If you contend that any other entity or person, including any of the parties or the Plaintiff, was responsible for the accident that forms the basis of this Complaint, identify such person(s) or entities, and give a concise statement of the facts upon with you rely in support of your contention.

**ANSWER:**


19.     If you are aware of any other case or proceeding involving the incident identified in Plaintiff's Complaint, including but not limited to, civil, criminal or administrative actions,

7

Electronically Filed - St Louis County - June 06, 2022 - 07:12 PM

identify the case or action by tribunal, case number, docket number or citation number, the date

of any hearing, and indicate any pleas in the case(s) and the disposition of the matter(s).

**ANSWER:**


20.	Please list any and all disciplinary actions that may been taken against Defendant

Chabala, including but not limited to termination, as a result of the occurrence herein or anything

related thereto.

**ANSWER:**


21.	If Defendant Chabala was not acting within the scope and course of his employment with

Defendant Werner at the time of the occurrence, set forth each and every fact upon which you

rely to base your claim and the name, address and employer of each and every person who has

knowledge of such information.

**ANSWER:**


22.	Following the occurrence of the accident that forms the basis of this Complaint, please

state:

a) the person or department at Werner who was first notified of the accident

b) the date and time this person was notified

c) whether anyone at Werner created a written record regarding the occurrence, and if so, whom?

d) Is this record kept in any Vehicle Accident Investigation File or its equivalent

e) Is this record kept in the ordinary course of business

**ANSWER:**

8

23.     Please state whether or not anyone or anyone on Defendant Werner's behalf conducted an investigation following the accident that forms the basis of this Complaint.  If so, please provide the details of that investigation.

**ANSWER:**


24.     Please list all prior accident in which Defendant has been involved, either with other persons or with property.  Please include the name of any other driver or property owner involved, the location of the collision, the date and time of the collision, and disposition of the matter.

**ANSWER:**


25.     Describe all training that Defendant Werner provided or requires for its drivers/operators, and include in your answer any procedure, training or safety manuals provided to employees or independent contractors.

**ANSWER:**


26.     At the time of the this incident, was the cab equipped with a satellite communication device or email capability, including a Qualcomm system such as SensotTRACS, TrailerTRACS, ViaWeb, JTRACS, ProOmniOne, OmniExpress, FleetAdvisor, QTRACS, fleet management system, TruckMAIL, GlobalTRACS, or a GPS product. Manufactured by any other company, or any device that can hold any ECM or PCM data?

**ANSWER:**

9

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

Respectfully submitted,

LAWSON LAW FIRM, PC

/S/ YARI D. LAWSON, ESQ

Yari D. Lawson

Georgia Bar No. 076180

1755 N Brown Rd Suite 200

Lawrenceville, GA 30043

(678) 690-5256

yari@lawsonfirm.com

/S/ CEPHUS RICHARD, III ESQ

Cephus Richard, III

Missouri Bar No.b 59664

Richard Trial Attorney, PLLC

4303 N. Central Expressway

Dallas, TX 75205

**Attorneys for Plaintiff**

10

**22SL-CC02846**

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

## IN THE CIRCUIT COURT OF SAINT LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| MYLAS ROME, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )  Jury Trial Demand |
| Eduardo Chabala, | ) |
| Individually, | ) |
| WERNER ENTERPRISES, INC | )  Petition for Injuries |
| LOVE's TRAVEL STOP, INC. | ) |
| And John Does 1-5, Individually | ) |
| | ) |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
## EDUARDO CHABALLA

**COMES NOW** the Plaintiff, and submits the following interrogatories to Defendant Eduardo Chabala, to be answered by Defendant, under oath, separately and fully, in writing.  The interrogatories are to be deemed continuing so as to require supplemental answers in the event additional information is obtained by or on behalf of Defendant after service of the original answers.

1.      Please state and spell your name including any aliases that you may have had or gone by at any point in your life.  Also, include in this response: the last four digits of your social security number, all addresses that you have resided in the last 7 years, date and place of birth.

1

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

**ANSWER:**

2.      Please state whether or not you are currently married or divorced.  If you, have ever

been divorced please state the year or divorce and provide the name of your former

spouse, along with the court case number involving your divorce proceedings.

**ANSWER:**

3.      Please state whether or not you have been convicted of any misdemeanor or felony

criminal offenses. If so, please state which offenses, listing the offense dates and

location, city and state.

**ANSWER:**

4.      Please list each and every job that you have had held in the last ten (10) years, including

the address and a brief job descriptions:

a.
**ANSWER:**

**a.**

**b.**

**c.**

**d.**

**e.**

**f.**

**g.**

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

5.      Regarding the accident described in the petition, please provide in detail your explanation of what happened, including each and every factor that caused the incident to occur.

**ANSWER:**


6.      If you contend that the Plaintiff did anything to contribute to the incident occurring, please explain in detail what the Plaintiff did or failed to do to contribute to this incident occurring.

**ANSWER:**


7.      Describe with specificity the hiring process you went through regarding your hiring at Werner Enterprises, Inc.  Provide an explanation of you understanding of you participated in any in any background report, driving history, and safety record prior to becoming an employee.

**ANSWER:**


8.      State your full itinerary for the forty-eight (48) hours immediately preceding the incident forming the basis of this Complaint and the vehicle involved in the occurrence, stating the place and time of the beginning of each trip, the place and time and duration of each stop, the routes taken, the final destination, the anticipated time of arrival at that destination and the details of your sleep/drive schedule for those forty-eight (48) hours.

**ANSWER:**


9       State in detail what training you underwent that would cover safety operations, safe driving of a motor carrier vehicle, parking, maintenance, and any other training and procedure

3

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

that would equip you park a motor carrier vehicle in or out of a parking space in a commercial parking lot.

**ANSWER:**


10.     State the number of miles and hours that you had driven:

        a)  In a 120-day period before the wreck;

        b)  In a 60-day period before the wreck

        c)  In a 30-day period before the wreck;

        d)  In a two-week period before the wreck;

        e)   In a seven-day period before the wreck;

**ANSWER:**

11.     State the name, last known address, and phone number, of any witnesses that you contend have information or knowledge regarding Plaintiff's damages.

**ANSWER:**

12.     State with specificity any and all log violations that have been made by Defendant Edward Chabala during his employment with Werner Enterprises, Inc. in the last five (5) years or since he has been working with Werner, whichever is shorter.

**ANSWER:**


13.     Otherwise, state your work history of with Werner Enterprises, Inc., including but not limited to date of hire, training, who hired you, who trained you, and number of hours trained spent training, and the number of hours prior to this accident that you spent driving a tractor trailer.

4

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

**ANSWER:**

14.     Did you provide a statement to law enforcement officer of the Bridgeton Police after being stopped on the highway following the incident that forms the basis of this Complaint?

**ANSWER:**

15.      Prior to the incident that forms the basis of this Complaint, how many times how had you parked a Werner Enterprises Inc. motor carrier vehicle in a commercial parking lot similar to the Love's Travel Stop that was present on the day in question at the time of the incident forming the basis of this Complaint?

**ANSWER:**

16.     Please list and provide the addresses to each person, business, or entity who you gave any written or verbal statement to regarding the incident that forms the basis of this Complaint.

**ANSWER:**

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

Respectfully submitted,

LAWSON LAW FIRM, PC

/S/ YARI D. LAWSON, ESQ
_____

Yari D. Lawson

Georgia Bar No. 076180

1755 N Brown Rd Suite 200

Lawrenceville, GA 30043

(678) 690-5256

yari@lawsonfirm.com


/S/ CEPHUS RICHARD, III ESQ
_____

Cephus Richard, III

Missouri Bar No.b 59664

Richard Trial Attorney, PLLC

4303 N. Central Expressway

Dallas, TX 75205


**Attorneys for Plaintiff**

6

**22SL-CC02846**

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

**IN THE CIRCUIT COURT OF SAINT LOUIS COUNTY
STATE OF MISSOURI**

| | |
|---|---|
| MYLAS ROME, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   Jury Trial Demand |
| Eduardo Chabala, | ) |
| Individually, | ) |
| WERNER ENTERPRISES, INC | )  Petition for Injuries |
| LOVE's TRAVEL STOP, INC. | ) |
| And John Does 1-5, Individually | ) |
| | ) |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO DEFENDANT
WERNER ENTERPRISES**

Pursuant to Missouri Rules of Civil Procedure, Plaintiff hereby request the

Defendant(s), as defined herein, to produce by request number within forty-five (45)

days of receipt hereof, the originals or complete and clearly readable copies (see

Definition "Q" herein) of the items defined and described herein:

**DEFINTIONS OF TERMS USED HEREIN**

A. **Defendant(s):**  As used herein the term **"Defendant(s)"** refers to **Werner
   Enterprises Inc., a Nebraska corporation registered to do business in
   Missouri, and Edward Chabala** and such term includes without limitation
   departments, agencies, and subdivisions, employees, drivers, independent
   contractors, owner operators, trip lessors and their attorneys, investigators,
   brokers, agents, or any other representatives.

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

**B. Accident:**  Unless otherwise defined in a specific request, the term **"accident"** as used herein, means the accident occurring or about July 28th 2020, at The Loves Truck Stop located at 13945 Missouri Bottom Road, Bridgeton, Saint Louis County Missouri involving Edward Chabala.

**C. Accident Files and Records:  The term "Accident Files and Records",** as used herein, is intended to have broad reference to all forms of recorded information, including writings and recordings as defined in Rule 1001, Rules of Evidence, and includes written or recorded statements, reports, memorandums, correspondence, maps, diagrams, pictures, blueprints, plats, and other related objects and documents inclusive of any documents, letters to or from or records and reports required from the Defendants by other organizations, state governmental agencies or the Federal Motor Carrier Safety Administration.

**D. Driver**:  As used herein, the term **"Driver or Drivers"** means any person employed, or contracted for or with, by any of the Defendants, including persons known as co-drivers, independent contractors, owner operators or trip lessors and includes persons furnished to the Defendants as drivers by any other person or organization who perform driving services for or on behalf of the Defendants.

**E. Driver's Qualification File:**  As used herein, the term **"Driver's Qualification File"** means those records specifically required by the FMCSR part 383 and 391 (see definitions "M" and "N") to be created and maintained by Defendants on any driver who performs services or work for or on behalf of Defendants.  **This definition does not include those documents defined in definition "G" herein.**

**F. Driver's Personnel File:**  The term **"Driver's Personnel File",** as used herein, means any and all files, records, communications or documents created by a driver or any other person or organization that contains documents directed to, received from or about a driver (see Definition "E"). **This definition does not include those documents defined in Definition "F" herein.**

**G. Trip – Operational Documents:**  The term **"trip",** as used herein, is defined as the transportation and/or movement of one (1) load of cargo, regardless of load size or type, from its origin(s) to final destination(s) and includes the travel "empty or unloaded" from that destination point to the next point or location of loading, end of trip or new trip origin.

**H. Truck or Tractor:**  The term **"Truck or Tractor"** as used herein, unless otherwise defined in a specific request herein, means the over the road

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

vehicular power unit being operated by Chabala at the time the accident occurred.

**I.** **Trailer or Trailers:**  The term **"Trailer or Trailers"** as used herein, unless otherwise defined in a specific request herein, means the Trailer attached to the power unit being operated by Chabala at the time the accident occurred.

**J.** **Hours of Service Records:**  As used herein, the term **"Hours of Service Records"** means **any and all documents created** in reference to the FMCSR part 395 (see Definitions "M" and "N"), including, but not limited to, driver's record of duty status or drivers' daily logs, time worked cards or other time worked records or summaries, Werner Enterprises Inc.,'s administrative driver's record of duty status or log audits and/or 70/60 hour log audits or summaries along with any records or reports of violations or, any otherwise described documents advising any of the defendants of hours of service violations.  This specifically includes all advice, reprimands or warnings given or sent to Chabala or any of her co-driver(s) for violations of the FMCSR Part 395 (see Definitions "M" and "N"), "Hours of Service of Drivers" Regulations by or on behalf of Werner Enterprises Inc.

**K.** **Maintenance Files and Records:**  As used herein, the term "Maintenance Files and Records" means those documents required to be created and/or maintained by Werner Enterprises Inc.., in accordance with the FMCSR Part 396 (Definitions "M" and "N"), "Inspection, Repair and Maintenance."  The includes, but is not limited to, all driver's Tractor and Trailers daily condition reports, all systematic and annual inspections, work or repair orders, list of add-ons and/or take-offs of equipment parts and accessories, accounting records, bills, or notes of repairs or maintenance and all summary type maintenance documents prepared by Defendants or other agencies or organizations, inclusive of any summary or computer generated type systematic lubrication, inspection and maintenance records and documents in the possession of any of the Defendants on the Tractor or Trailers as defined in Definitions "I" and "J" herein.  The definition specifically includes any and all driver daily condition reports created by any driver and maintenance files and records maintained by and **in the possession of any other person or organization** performing maintenance services for or on behalf of any of the Defendants.

**L.** **CFR Title 49, Parts 382 through 397:**  As used herein "CFR Title 49" means the "Code of Federal Regulations", Title 49 – Transportation, U.S. Department of Transportation, Chapter 3, Federal Highway Administration, Subchapter B 382 through 397 titled the "Federal Motor Carriers Safety Regulations" in effect on the date of the accident in question, hereinafter referred to as "FMCSR, Parts 382,383, 385, 387, 391, 392, 393, 395, 396, or 397."

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

**M. FMCSR:**  As used herein "FMCSR" means the "Federal Motor Carrier Safety Regulations" as defined in Definition "M" herein.

**N. FMCSA:**  As used herein FMCSA" means the Federal Motor Carrier Safety Administration having jurisdiction and field enforcement responsibilities for the FMCSR as defined in Definitions "M" and "N" herein.

**O. RSMo:**  As used herein "RSMo" means the State of Missouri Uniform Rules of the Road as adopted by the State of Missouri in effect on the date of the accident and to the degree that these rules are basically the same as the Federal Motor Carrier Safety Regulations as defined in Definitions "M" and "R" herein and are applicable to motor carriers operating within the state of Missouri.

**P. Complete and Clearly Readable Copies:**  As used herein, the term complete and clearly readable copies" means copies that **are not reduced in size,** unless the document being copied exceeds the size of normally available copy paper, and **is a complete copy of the document clearly readable to the average person.  Plaintiff requests that each document that is reproduced by copy methods to satisfy the request, be reproduced on one page (one document per page), separate and apart from all other documents produced.**  If the copies reproduced to satisfy any request herein are not clearly readable, plaintiff requests the **originals be produced** for purposes of viewing and copying by the plaintiff.  The originals will be timely returned to the producing defendant.

**Q. HMR:**  As used herein "HMR" means the "Hazardous Materials Regulations", Parts 170 through 179, found in the Code of Federal Regulations", Title 49 Transportation, U.S. Department of Transportation, Subtitle B other regulations relating to transportation titled "The Hazardous Materials Regulations in effect on the date of the accident in question, hereinafter referred to as "HMR Part 170, 171, 172, 173, 177, or 178".  These rules have also been accepted by The State of Missouri as set forth in Definition "P" found herein.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**1.**  Complete and clearly readable copies of all **trip and/or operational documents** pertaining to the movement of cargo by Chabala and/or any of his accompanying co-driver(s), or driver trainers from **January 2018** through the delivery date and time of the cargo she may have been transporting at the time the accident occurred **(July 28th 2020).**

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

**2.**  Any and all pictures, diagrams, maps or otherwise showing the vehicles involved in the accident, the skid marks, gouge marks, debris or other physical evidence of the accident.

**3.  Complete and clearly readable copies o**f Chabala **trip reports** and/or trip envelopes, daily loads delivered or picked up or any otherwise described work reports, work schedule reports, fuel purchased reports, or any reports made by Chabala to Werner Enterprises Inc., inclusive of daily, weekly or monthly cargo transported, time and/or distance traveled reports or work records **excluding** only those documents known as "driver's daily logs or driver's record of duty status" from January 1, 2019 through January 1 2021

**4.  Complete and clearly readable copies of receipts for any trip expenses or purchases made by Chabala or his co-driver during a trip** regardless of type of purchase, such as fuel, weighing of vehicles, food, lodging, equipment maintenance, repair or equipment cleaning, special or oversize permits, bridge and/or toll roads, loading or unloading cost, lumper, pallet, and all otherwise described receipts regardless of the type of objects or services purchased from January 1, 2019 through January 1 2021

**5.  Complete and clearly readable copies of cargo pickup or delivery orders** prepared by any of the Defendants, transportation brokers, involved shippers or receivers, motor carriers, operations/dispatch personnel, drivers or other persons or organizations relative to the cargo transported and operations of Chabala from January 1, 2019 through January 1 2021

**6.  Complete and clearly readable copies of any and all written requests, letters, instructions, or orders, for transportation** of cargo prepared by Defendants, transportation brokers, involved shippers or receivers motor carriers, operations/ dispatch or sales personnel, drivers or other persons or organizations relative to the operations of Chabala from January 1, 2019 through January 1 2021

**7.  Complete and clearly readable copies of all bills of lading and/or manifest** prepared or issued by any shippers, brokers, transporting motor carriers personnel, receivers of cargo or any of the Defendants.  This specifically includes readable and complete copies of bills of lading, manifest, or other documents regardless of form or description, that show **signed receipts for cargo delivered along with any other type of**

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

**document that may show dates and times of cargo pickup or delivery** relative to the operations of Chabala from January 1, 2019 through January 1 202.

**8.   Complete and clearly readable copies of all equipment or cargo loading, unloading or detention** of equipment records along with any other documents showing **cargo pickup and delivery dates and times** or delays and/or detention of equipment relative to the operations of Chabala from January 1, 2019 through January 1 2021.

**9.   Complete and clearly readable copies of all cargo transported freight bills, Pro's** or otherwise described similar documents inclusive of all signed or undersigned cargo pickup and delivery copies that indicate date and/or time of pick up or delivery of cargo by Chabala or his co-driver(s) from January 1, 2019 through January 1 2021.

**10.   Complete and clearly readable copies of all written instructions,** orders, or advice given to Chabala in reference to cargo transported, routes to travel, locations to purchase fuel, cargo pickup or delivery times issued by Werner Enterprises Inc., shippers, receivers, or any other persons or organizations from January 1, 2019 through January 1 202.

**11.   Complete and clearly readable copies of dispatch and/or operational records** indicating assignment of equipment and drivers to specific cargo pickup, transportation and delivery, dates and times of pickup and delivery, movement of cargo, shippers and receivers of cargo, and any other related operational records or documents, regardless of form.  This specifically includes all dispatch and operational type **computer generated** documents and material indicating the movements or activities of Chabala from January 1, 2019 through January 1 2021.

**12.   Complete and clearly readable copies of all accounting records,** merchandise purchased, cargo transportation billings, or invoices and subsequent payments or otherwise described records indicating billings for transportation of cargo or payment for services performed for Werner Enterprises Inc., by Chabala and/or his co-drivers from January 1, 2019 through January 1 2021.

**13.   Complete and clearly readable copies of all initial or rough driver's** (see Definition "E") **trip check-in or financial settlement sheets** along with all final trip accounting documents, and computer generated documents or printouts showing expenses and payment (s) for

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

service(s) or salary to Chabala in reference to trip(s). This specifically includes any **summary type documents showing all payments made to Chabala** and/or her co-drivers regardless of the purpose of payment or period of time payment was made for from January 1, 2019 through January 1 2021.

**14.   Complete and clearly readable copies of any and all motor carrier or driver** (see definition "E") **created trip fuel mileage, purchase reports, and daily fuel invoices** or records.  This specifically includes all documents and computer generated documents, regardless of form or subject, **received from any source** such as the organizations known as **"COM DATA", "CCIS", and "FDIS",** generated for or by Werner Enterprises Inc., showing date, time and location of fueling or other purchases or advances of monies, by Chabala and/or her co-drivers while on the trips requested herein from January 1, 2019 through January 1 2021.

**15.   Complete and clearly readable copies of all checks or otherwise described negotiable instruments** issued to Chabala or her co-driver(s) (see definition "D" and "E") given in payment as trip advances, loans or for any other purpose inclusive of **checks issued for employee payroll, and/or for owner/ operator or trip lessors services** in the possession of any of the Defendants.  Specifically copies of both the **"front and back" of each check and/or Com Data issued** to Chabala **or any of her co-drivers is requested** from January 1, 2019 through January 1 2021.

**16.   Complete and clearly readable copies of any and all state special fuel or oversize permits** and any related documents or requests issued to or by any state agency to transport cargo over their territories regardless of the form of permit.  **The receipt** acknowledging payment for the permit(s) issued by any governmental agency is specifically requested that release to the movements of Chabala and/or his co-drivers from January 1, 2019 through January 1 2021.

**17.   Complete and clearly readable copies of any and all satellite location and communication records** concerning the movements of Chabala and communication between Chabala and Werner Enterprises Inc., from January 1, 2019 through January 1 2021.

**18.   Complete and clearly readable copies of any and all other operational or trip related documents"** (see definition "H") created or received by the Defendants or any other persons or organizations, regardless of form or description and not defined herein, in the possession of any of the Defendants and relative to the operations, activities,

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

movements and trips accomplishes by Chabala and/or his co-drivers during the time from January 1, 2019 through January 1 2021.

**19.  Complete and clearly readable copies of the "Driver Qualification File"** (see Definition "F") maintained by any of the Defendants on Chabala along with any other documents contained therein, in their **precise state of existence on the date of the accident** (July 28th 2020).

**20.  Any pre-employment questionnaires** or other documents secured from Chabala prior to employment.

**21.**  Any and all completed **applications for employment** secured both before and/or after the actual date of contract or employment of Chabala.

**22.**  All **medical examinations,** drug tests and certification of medical examinations inclusive of expired and non-expired documents relative to Chabala.

**23.**  All of Chabala annual **violation statements,** which should include one for each twelve months of contract or employment of Chabala.

**24.**  All actual driver's motor carrier **road tests** administered to Chabala.

**25.**  All road **test certificates** issued by Werner Enterprises Inc., or any other motor carrier or organization to Chabala regardless of the date issued or the originator of such certificates.

**26.  All past employment inquiries** sent to or secured from former employers along with all responses received from former employers inclusive of all U.S. mail, personal contact or telephone inquiries and results directed to or received by Werner Enterprises Inc., from past employers of Chabala.

**27.**  All inquiries to and answers received from any organization in reference to the **driver's license record of traffic violations and accidents** directed to and /or received by any of the Defendants, or other organizations on behalf of defendants, from state to federal governmental agencies relative to Chabala.

**28.**  Copies of all **road certification cards,** medical cards, motor carrier certification of driver qualification cards and any other regardless of card issuance date or origin.  This specifically includes cards, as previously described herein, issued by other motor carriers to Chabala or her co-drivers **presently in their personal possession.**

**29.  All annual reviews,** file reviews or file summaries and related documents found in the driver qualification file of Chabala.

**30.  All documents** relative to any **drug and alcohol testing** of Chabala because of this accident, specifically describing date, type and results of said tests.

**31.**  Complete and clearly readable copies of the **"Driver Personnel File" and/or any otherwise titled files** (see definition "G"), on Chabala or in reference to Chabala services, from initial contract or employment with Werner Enterprises Inc., to the present date.

**32.**  Hiring, suspension, termination, warning notices, complaints, letters, memorandums and any other similar type documents relative to Chabala.

**33.**  Prior industrial, vehicular, cargo, hazardous materials, health or accident reports, or other types of **injury, sickness, accidents or loss reports or records** inclusive of cargo shortage or damage reports, along with related documents to each such sickness, incident or accident that relate to Chabala.

**34.**  Complete and clearly readable copies of the **"Driver Qualification File"**  (see definition "F") in the possession of any of the Defendants on **any co-drivers, and/or driver trainers,** operating with Chabala from Chabala **date of hire** to **July 28th 2020,** along with any other documents contained therein in their precise state of existence on the date of the accident.

**35.**  Complete and clearly readable copies of each and every **motor vehicle driver's license** issued to Chabala or any of her co-drivers, or driver trainers, by any governmental entity in the possession of Chabala his co-drivers or Werner Enterprises Inc., on or before July 28th 2020 regardless of date issued and past or present driver's license status.

**36.**  Complete and clearly readable copies of **any state or FMCSA (see Definition "O"), issued terminal audits, road equipment and/or driver compliance inspections or warnings and traffic citations** issued in reference to the activities of Chabala, his co-drivers, or driver trainers, by any city, county, state or federal agency or law enforcement officials in the possession of any of the Defendants.  This request specifically includes any documents issued by any governmental agencies or officials in reference to violations of any State or Federal Motor Carrier Safety or Hazardous Materials Regulations (see Definitions "M", "N", or "R") in reference to the activities of Chabala, her co-drivers or driver trainers from Chabala date of hire to the present date.

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

**37.**  Complete and clearly readable copies of all objects, photographs, drawings, reports, statements or otherwise described documents or objects in the possession of any of the Defendants in reference to the scene of this accident.

**38.**  Complete and clearly readable copies of **all accident files and records** in reference to the accident (see Definitions "B" and "C") in the possession of any of the Defendants.  This includes, but is not limited to, any telephone and/or written reports, correspondence, or any otherwise described documents sent to or received from the FMCSA, reports made to other persons or organizations and any report made by Chabala in reference to this accident.  This request also specifically includes any, and all otherwise described documents relative to this accident found in the file required to be maintained by Werner Enterprises Inc., in accordance with the FMCSR (seed Definitions "M" and "N")

**39.**  Complete and clearly readable copies of any and all other accident or incident files and records (see Definition "C") maintained by any of the Defendants in reference to **any other vehicular accident,** or incident prior to the occurrence of the accident in question, where Chabala, or his co-driver(s), or driver trainer(s), was the driver of a vehicle involved in the prior accidents or incidents.

**40.**  Complete and clearly readable copies of **all driver's record of duty status or driver's daily logs and 70/60- hour summaries** (see Definition "K") **or otherwise described work time records created by Chaballa** for the period from **January 2019** through **January 31, 2021** in accordance with FMCSR Part 395 (see Definitions "M" and "N") in the possession of any of the Defendants and specifically in the **personal possession of** Chabala

**41.**  Complete and clearly readable copies of **all driver's record of duty status or otherwise described work time records, driver's daily logs and 70/60 – hour summaries** (see Definition "K") of any **co-driver, or driver trainer,** operating with Chaballa from **January 2019** through **January 31, 2021** in the possession of any of the Defendants **or the involved co-driver(s), or driver trainer(s).**  Defendants need produce only those logs that show Chabala as **a "co-driver"** on the face of the co-driver's, or driver trainer's log.

**42.**  Complete and clearly readable copies of all Werner Enterprises Inc., **administrative type** driver's record of duty status or driver's daily logs driving and/or work time **audits, investigations or 70/60-hour log audit or time summaries** (see Definition "K") from **January 2019** through **January 31, 2021 accomplished or created by Werner Enterprises Inc.,** or compliance, clerical or administrative personnel in reference to the

record of duty status (logs) submitted by Chabala or any of her co-drivers, or driver trainers, that are now in the possession of any of the Defendants, co-drivers, driver trainers, or other persons or organizations performing such services for the Defendants.

**43.** Complete and clearly readable copies of **all maintenance files and records** (see Definition "L and M") from **January 26, 2019** through **January 26, 2021** maintained by any of the Defendants in accordance with FMCSR, Part 396 (see Definition "I") concerning the tractor and trailer involved in this accident.

**44. All driver daily vehicle condition reports submitted by any driver(s) on the Tractor involved in this accident** from **January, 2019** through **January 31, 2021** in the possession of any of the Defendants. This specifically includes all the driver vehicle condition reports, maintenance files and records maintained by any other person(s) or organization(s) that Chabala or Werner Enterprises Inc., may have borrowed, rented or leased the Tractor from, or who performed maintenance services on behalf of, or Werner Enterprises Inc.., or Chabala.

**45.** Complete and clearly readable copies of **the maintenance files and records** (see Definition "L") created from **January  2019** through **January 31 2021** maintained by any of the Defendants in accordance with FMCSR, Part 396 (see Definition "M" and "N") **on the Trailer (see Definition "J") pulled** by Chabala **in this accident** inclusive of any documents indicating inspections, repairs or maintenance to the Trailer.

**46. All driver daily vehicle condition reports submitted by any driver(s),** from **January 2019** through **January 31 2021** in the possession of any of the Defendants concerning the tractor and trailer involved in this accident.  This specifically includes all the driver daily condition reports, maintenance files and records maintained by any other organization that Werner Enterprises Inc., may have borrowed, rented or leased the Trailer from or who performed maintenance services for or on behalf of Werner Enterprises Inc., or Chabala.

**47.** Complete and clearly readable copies **of the titles** of both the Tractor and Trailer (see Definitions "I" and "J") involved in this accident in their precise state of existence on January 2021.

**48.** Complete and clearly readable copies of any and all agreements, contracts or written arrangements in effect on the date of the accident between Chabala and Werner Enterprises Inc., including any contracts to perform transportation services on behalf of Werner Enterprises Inc., by Chabala or other persons relative to Chabala operations in the possession

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

of any of the Defendants.  This Chabala includes any owner/operator, sale or leasing of truck(s), tractor(s) and/or trailer(s) documents between Werner Enterprises Inc., and Chabala or other persons in reference to the equipment operated by or services performed by Chabala.

**49.**  Complete and clearly readable copies of **any contracts, purchases, loans, leases, maintenance, rentals or payment contracts of agreements,** involving the 2015 Modela Freight Tractor (see Definition "I" and "J") in effect on the date of the accident in the possession of any of the Defendants.

**50.**  Complete and clearly readable copies of all written materials, company manuals, **company issued rules and regulations, directives, notices or posted notices in effect on the date the accident occurred** created or utilized by Werner Enterprises Inc., in controlling or directing their drivers' operations, work, activities, job performance, timely pickup and delivery of cargo, safety or compliance with regulations inclusive of any educational materials in reference to the  FMCSR and any Werner Enterprises Inc., Motor Carrier Fleet Vehicular Safety programs including any and all defensive driving or accident avoidance materials in place and effective on the date this accident occurred.

**51.**  Complete and clearly readable copies of Werner Enterprises Inc.'S **"systematic inspection, repair and maintenance of equipment program"** as required by FMCSR Part 396 (see Definition "M") inclusive of one blank copy each of all forms and documents utilized in accomplishing compliance with the FMCSR, Part 396 of the Regulations. This specifically includes any documents or records of systematic inspection, repair or maintenance of equipment created and in effect on the date the accident occurred by any other organization that Chabala or Werner Enterprises Inc., may have rented, leased or contracted with in reference to the tractor and/or trailer.

**52.**  Complete and clearly readable copies of any **and all operational or administrative computer or otherwise generated documents and materials** in reference to the daily, weekly or monthly operations of Chabala and/or the vehicles she operated, on behalf of or while employed by, or contracted with Werner Enterprises Inc., inclusive of driver(s), tractor(s), truck(s) and trailer(s) **maintenance, operational and dispatch generated data showing trips** (see Definition "H") made or loads transported by Chabala from **January 2017** to **January 2021.   (Note: This does not include the documents already requested.)**

**53.**  Complete and clearly readable copies of **any and all state fuel or cab cards, state prorate registrations or, state vehicle registrations** in the possession of the Defendants and applicable to the operation of the

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

2015 Modela Freight Tractor (see Definition "I") on the date of the accident.

**54.**  Complete and clearly readable copies of any and all Werner Enterprises Inc., officers, executives or administrator's notices, directives, bulletins or otherwise described written instructions in reference to the day-to-day **motor carrier operating and safety procedures** to be followed by their company personnel, managers, supervisors, dispatchers and drivers.  Specifically, any documents relative to disciplinary policies or procedures for the late freight delivery, motor fleet safety or failure to comply with the FMCSR (see Definitions "M" and "N") in existence and effective at Werner Enterprises Inc., on July 28th 2020.

**55.**  Complete and clearly readable copies of all **generated** motor carrier transportation **scheduling, dispatch, load or operational daily or monthly summary data** produced by Werner Enterprises Inc., from **July 28, 2018** through **July 28 2020** relative to the operations of Chabala and/or her co-drivers.  This specifically includes any documents showing information such as the load or trip numbers assigned, equipment number(s), date of cargo pick up or delivery, name of cargo shippers/receivers, drivers, dates of transport for other motor carrier organizations by Chabala when assigned to transport cargo on behalf of other motor carriers (trip leasing).

**56.**  Complete and clearly readable copies of any and all documents given to any expert(s) retained by Defendants for their review or used in formulating their opinions on this accident.

**57.**  Complete and clearly readable copies of any report given by any expert to Defendants regarding this accident.

**58.**  Complete and clearly readable copies of the 1996 Freightliner Tractor's (see Definition "I") owner's manual, shop manual, manufacturer's schematic drawing of the 1996 Freightliner Tractor, manufacturer's line sheet of the 1996 Freightliner Tractor along with any other documents that list components on the 1996 Freightliner Tractor when this accident occurred.

**59.**  Any and all records or documents depicting the **training or education** provided to Chaballa dealing with transportation, operational, driving or safety subjects.  This includes, but is not limited to attendance records.

**60.**  Complete and clearly readable copies of each and every **training or educational** manual, book, video tape, handout, poster, subject outlines,

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

used or provided to Chaballa that covers the subjects of trucking operations, defensive driving or safety.

**61.** A copy of any, and all insurance policies, the declarations page, and any umbrella policies that were in effect at the time of the accident.


RESPECTFULLY SUBMITTED,


LAWSON LAW FIRM, PC

/s/ YARI D. LAWSON, ESQ
_____

Yari D. Lawson

Georgia Bar No. 076180

1755 N Brown Rd

Suite 200

Lawrenceville, GA 30043

(678) 690-5256

yari@lawsonfirm.com


CEPHUS RICHARD, III ESQ
_____

Cephus Richard, III

Missouri Bar No.b 59664

Richard Trial Attorney, PLLC

4303 N. Central Expressway

Dallas, TX 75205


**Attorneys for Plaintif**

**22SL-CC02846**

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

## IN THE CIRCUIT COURT OF SAINT LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| MYLAS ROME, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )  Jury Trial Demand |
| Eduardo Chabala, | ) |
| Individually and | ) |
| , and WERNER ENTERPRISES | ) Petition for Injuries |
| INC, | ) |
| LOVES's TRAVEL STOP, INC | ) |
| and John Doe 1-5, Individually | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION FOR ORDER OF APPOINTMENT OF A SPECIAL PROCESS SERVER

COMES NOW Plaintiffs in the above referenced matter pursuant to Rs.Mo 506.140 and respectfully moves this Honorable Court to for an Order appointing a special process server in this case, and avers as following:

1.

Defendant, Edward Chabala resides at 2555 Nursery Rd. Apt 3101 Clearwater, Florida 33764.

2.

Because the Defendants in this case reside in a jurisdiction outside of Saint Louis County,

1

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

Missouri service of process cannot be perfected on the Defendants by Entry of the Saint Louis County Sheriff.

3.

Brian Jones is a licensed process server by the State of Florida and can affect service of process on Defendant, Edward Chabala. Mr. Jones is a permanent process server appointed in Pinellas County, Florida and can affect service of process on Defendant Edward Chabala.  He has Certified Process Number: APS26483

4.

Brian Jones, is a US citizen, is above the age of 18, and is not related to Plaintiff ,Yari D. Lawson, Esq, or Cephus Richard, III by blood, marriage, or other familial connection.

5.

Because service of process cannot be perfected on these Defendants by Sheriff's Entry, special appointment of these process servers is necessary to afford Plaintiff the opportunity to satisfy the requirement of service of process under Rs.Mo 506.140.


WHEREFORE, Plaintiff prays that this Motion be granted and Brian Jones be appointed as special process servers on behalf of Plaintiff.

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

This 2nd day of June, 2022.

Respectfully submitted,

_____
/s/ YARI D. LAWSON

Yari D. Lawson

Georgia Bar No. 076180

1755 N Brown Rd Suite 200

Lawrenceville, GA 30043

(678) 690-5256

yari@lawsonfirm.com

_____
/S/ CEPHUS RICHARD, III

Cephus Richard, III

Missouri Bar No.b 59664

Richard Trial Attorneys, PLLC

4303 N. Central Expressway

Dallas, TX 75205

**Attorneys for Plaintiff**

3

**22SL-CC02846**

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

STATE OF MISSOURI
CITY OF ST. LOUIS   } SS.

## MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL COURT
(ST. LOUIS CITY)

Mylas Rome

_____
Plaintiff(s)/Petitioner(s)

vs.
Edward Chabala, Werner Enterprises Inc., Love's Travel Stop, and

John Doe's 1-5
_____
Defendant(s)/Respondent(s)

CAUSE NO. _____

DIVISION NO. _____

## ALIAS/PLURIES SUMMONS

THE STATE OF MISSOURI,

TO THE SHERIFF OF THE CITY OF ST. LOUIS OR OTHER PERSON
PROVIDED BY LAW,  GREETINGS:

We command you to summon        Edward Chabala
Defendant
whose address is 2555 Nursery Rd. Apr 3101 Clearwater Florida 33764

to appear before the Circuit Court of the City of St. Louis, Division No. ——, in the Civil Courts Building, located at
Tucker and Market Streets, in  St. Louis, Missouri, on the            day of                          ,
to answer Complaint/Petition of the above named Plaintiff(s).  The nature of this suit concerns the
following:
See attached court specifically wherein Mylas Rome was injured at Love's Travel Stop due the negligent driving of Edward Chabala while he was in the scope of employment for Werner Enterprises.
_____

_____

and the Plaintiff(s) is/are demanding the sum of $ greater than 300,000.00   Dollars plus interest, attorney fees, late charges,
and court costs.

Each Defendant is hereby notified that if you fail to appear and answer at the time and place stated in this  Summons,
judgment by default will be taken against you for the relief demanded in the Complaint/Petition. If you  do not pay the judgment,
a portion of your wages may be garnished and certain of your property may be sold in   order to raise the money necessary to
pay the judgment.

WITNESS, THOMAS L. KLOEPPINGER, CLERK of said Court
with the Seal thereof affixed, at St. Louis, Missouri,

this            day of               .

*Thomas Kloeppinger*

**Thomas L. Kloeppinger**
**CIRCUIT CLERK**

BY_____
DEPUTY CIRCUIT CLERK

SEAL of the CIRCUIT COURT

**RETURN ON SERVICE OF SUMMONS**

I hereby certify that I have served the within summons:

(1)  By delivering on the _____day of _____, _____ a copy of the  summons  with a copy of the complaint annexed to the within-named Defendant,

_____
_____
_____

(2)   By leaving on the _____day of _____, _____ for the within-named Defendant
_____ a copy of the
Summons at the respective dwelling place or usual place of abode of said defendant with some person of his or her age of 15 years:

(3)       By_____
       _____
       _____
       _____
       all done in _____ County, Missouri.

Sheriff's Fees:
Summons...........$ _____ Sheriff of _____ County, Missouri.
Non est............. $ _____
Mileage...........$ _____

**Total**...............$ _____                       By_____

Deputy Sheriff

NO._____
DIV._____

_____
_____

**SUMMONS**

_____
_____

IN THE CASE OF

_____
_____
_____
Plaintiff_____

Vs

_____
_____
Defendant_____

_____
_____
In The
Missouri Circuit Court
Twenty-Second Judicial Circuit
(St. Louis City)

**22SL-CC02846**

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

STATE OF MISSOURI
CITY OF ST. LOUIS    } SS.

## MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL COURT
(ST. LOUIS CITY)

Mylas Rome

_____

Plaintiff(s)/Petitioner(s)

vs.
Edward Chabala, Werner Enterprises Inc., Love's Travel Stop, and

John Doe's 1-5

Defendant(s)/Respondent(s)

CAUSE NO. _____

DIVISION NO. _____

## ALIAS/PLURIES SUMMONS

THE STATE OF MISSOURI,

TO THE SHERIFF OF THE CITY OF ST. LOUIS OR OTHER PERSON
PROVIDED BY LAW,  GREETINGS:

We command you to summon     Love's Travel Stop
Defendant
whose address is By Registered Agent located at:  120 C Central Avenue, Clayton Missouri, 63105

to appear before the Circuit Court of the City of St. Louis, Division No. ——, in the Civil Courts Building, located at

Tucker and Market Streets, in  St. Louis, Missouri, on the          day of                              ,

to answer Complaint/Petition of the above named Plaintiff(s).  The nature of this suit concerns the
following:

More specifically wherein Mylas Rome was injured at Love's Travel Stop due the negligent driving of Edward Chabala while he was in the scope of employment for Werner Enterprises.

_____

and the Plaintiff(s) is/are demanding the sum of $ greater than 300,000.00  Dollars plus interest, attorney fees, late charges,
and court costs.

Each Defendant is hereby notified that if you fail to appear and answer at the time and place stated in this  Summons,
judgment by default will be taken against you for the relief demanded in the Complaint/Petition. If you  do not pay the judgment,
a portion of your wages may be garnished and certain of your property may be sold in   order to raise the money necessary to
pay the judgment.

WITNESS, THOMAS L. KLOEPPINGER, CLERK of said Court
with the Seal thereof affixed, at St. Louis, Missouri,

this          day of          .

*Thomas Kloeppinger*

**Thomas L. Kloeppinger**
**CIRCUIT CLERK**

SEAL of the CIRCUIT COURT

BY_____

DEPUTY CIRCUIT CLERK

**RETURN ON SERVICE OF SUMMONS**

I hereby certify that I have served the within summons:

(1)  By delivering on the _____day of _____, _____ a copy of the  summons  with a copy of the complaint annexed to the within-named Defendant,

_____
_____
_____

(2)   By leaving on the _____day of _____, _____ for the within-named Defendant
_____ a copy of the
Summons at the respective dwelling place or usual place of abode of said defendant with some person of his or her age of 15 years:

(3)     By_____
        _____
        _____
        _____
        all done in _____ County, Missouri.

              **Sheriff's Fees:**
    Summons..........$ _____   Sheriff of _____ County, Missouri.
    Non est............ $ _____
    Mileage...........$ _____              By_____
                                                                                      Deputy Sheriff
    **Total**...............$ _____



                              NO._____
                              DIV._____


                    _____
                    _____

                              **SUMMONS**
                    _____
                    _____

                              IN THE CASE OF
                    _____
                    _____
                    _____
                              Plaintiff_____

Vs
                    _____
                    _____
                              Defendant_____

                    _____
                    _____
                              In The
                        Missouri Circuit Court
                    Twenty-Second Judicial Circuit
                              (St. Louis City)

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

**22SL-CC02846**

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

STATE OF MISSOURI
CITY OF ST. LOUIS } SS.

### MISSOURI CIRCUIT COURT
### TWENTY-SECOND JUDICIAL COURT
(ST. LOUIS CITY)

Mylas Rome

_____

Plaintiff(s)/Petitioner(s)

vs.

Edward Chabala, Werner Enterprises Inc., Love's Travel Stop, and

John Doe's 1-5

_____

Defendant(s)/Respondent(s)

CAUSE NO. _____

DIVISION NO. _____

## ALIAS/PLURIES SUMMONS

THE STATE OF MISSOURI,

    TO THE SHERIFF OF THE CITY OF ST. LOUIS OR OTHER PERSON
PROVIDED BY LAW,  GREETINGS:

We command you to summon        Werner Enterprises, Inc
Defendant
whose address is _____

to appear before the Circuit Court of the City of St. Louis, Division No. ——, in the Civil Courts Building, located at
Tucker and Market Streets, in  St. Louis, Missouri, on the        day of        ,
to answer Complaint/Petition of the above named Plaintiff(s).  The nature of this suit concerns the
following:

This lawsuit concerns a car accident wherein Mylas Rome was injured at Love's Travel Stop due the negligent driving of Edward Chabala while he was in the scope of employment for Werner Enterprises.

_____

and the Plaintiff(s) is/are demanding the sum of $ greater than 300,000.00  Dollars plus interest, attorney fees, late charges,
and court costs.

    Each Defendant is hereby notified that if you fail to appear and answer at the time and place stated in this  Summons,
judgment by default will be taken against you for the relief demanded in the Complaint/Petition. If you  do not pay the judgment,
a portion of your wages may be garnished and certain of your property may be sold in   order to raise the money necessary to
pay the judgment.

WITNESS, THOMAS L. KLOEPPINGER, CLERK of said Court
with the Seal thereof affixed, at St. Louis, Missouri,

this        day of        .

*Thomas Kloeppinger*

**Thomas L. Kloeppinger**
**CIRCUIT CLERK**

SEAL of the CIRCUIT COURT

BY_____

DEPUTY CIRCUIT CLERK

**RETURN ON SERVICE OF SUMMONS**

Electronically Filed - St Louis County - June 05, 2022 - 07:12 PM

I hereby certify that I have served the within summons:

(1)  By delivering on the _____ day of _____, _____ a copy of the  summons  with a copy of the complaint annexed to the within-named Defendant,

_____
_____
_____

(2)  By leaving on the _____ day of _____, _____ for the within-named Defendant
_____ a copy of the
Summons at the respective dwelling place or usual place of abode of said defendant with some person of his or her family over the age of 15 years:

(3)   By_____
_____
_____
_____
all done in _____ County, Missouri.

Sheriff's Fees:

Summons..........$ _____   Sheriff of _____ County, Missouri.
Non est............ $ _____
Mileage...........$ _____                    By_____

**Total**...............$ _____                                                        Deputy Sheriff

NO._____
DIV._____

_____
_____

**SUMMONS**

_____
_____

IN THE CASE OF

_____
_____
_____

Plaintiff_____

Vs

_____
_____

Defendant_____

_____
_____

In The
Missouri Circuit Court
Twenty-Second Judicial Circuit
(St. Louis City)

Electronically Filed - St Louis County - June 07, 2022 - 11:32 AM

**IN THE CIRCUIT COURT OF SAINT LOUIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| MYLAS ROME, | ) |
| | ) Case No.   22SL-CC02846 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )  Jury Trial Demand |
| Eduardo Chabala, | ) |
| Individually, | ) |
| WERNER ENTERPRISES, INC | ) Petition for Injuries |
| LOVE's TRAVEL STOP, INC. | ) |
| And John Does 1-5, Individually | ) |
| | ) |

## <u>MEMO INCLUDING DEFENDANTS SERVICE ADDRESSES FOR ISSUANCE OF SUMMONS</u>

COMES NOW, Mylas Rome, by and through counsel, and provides the following service addresses for the above referenced Defendants and prays that for the issuance of a Summons to accompany the Petition to each Defendant

1.  Defendant, Edward Chabala is an individual, who resides in the state of Florida.  He can be served with process by special process server at 2555 Nursery Rd. Apt 3101 Clearwater, Florida 33764.

2.  Defendant, Werner Enterprises, Inc. is a Nebraska corporation registered to do business in Missouri  as Werner Trucking Enterprises, Inc. and can be served with process via their registered agent at 12747 Olive Blvd, suite 300 St Louis, MO 63141.

1

Electronically Filed - St Louis County - June 07, 2022 - 11:32 AM

3. Love's Travel Stop is an Oklahoma corporation who has operations in Missouri and has a registered agent located at 120 S Central Avenue, Clayton Missouri, 63105.

Respectfully submitted,

LAWSON LAW FIRM, PC

/s/ Yari D. Lawson
_____

Yari D. Lawson

Georgia Bar No. 076180

1755 N Brown Rd Suite 200

Lawrenceville, GA 30043

(678) 690-5256

yari@lawsonfirm.com

/s/ Cephus Richard, III
_____

Cephus Richard, III

Missouri Bar No.b 59664

Richard Trial Attorney, PLLC

4303 N. Central Expressway

Dallas, TX 75205

**Attorneys for Plaintif**

2

Electronically Filed - St. Louis County - June 07, 2022 - 11:32 AM

STATE OF MISSOURI
CITY OF ST. LOUIS } SS

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL COURT**
(ST. LOUIS CITY)

Mylas Rome

_____
Plaintiff(s)/Petitioner(s)

vs.

Edward Chabola, Islcrar Enterprises Inc.,
Loves Travel Stop, a John Does 1-5
_____
Defendant(s)/Respondent(s)

CAUSE NO. _____

DIVISION NO. _____

## ALIAS/PLURIES SUMMONS

THE STATE OF
MISSOURI,

TO THE SHERIFF OF THE CITY OF ST. LOUIS OR OTHER PERSON
PROVIDED BY LAW,  GREETINGS:

We command you to
summonDefendant        Edward Chabola
whose address is    2555 Nursery Road Apt 3101, Clearwater Florida 33764

to appear before the Circuit Court of the City of St. Louis, Division No. ——; in the Civil Courts Building, located at
Tucker and Market Streets, in  St. Louis, Missouri, on the 6th day of July , 2022

to answer Complaint/Petition of the above named Plaintiff(s). The nature of this suit concerns the
following: Edward Chabula was negligent in scope of employment for
Islcrar Ent. and drove tractor trailer into Plaintiff's at Loves Travel Stop

and the Plaintiff(s) is/are demanding the sum of $ + 300,000.00 Dollars plus interest, attorney fees, late charges,
and court costs.

Each Defendant is hereby notified that if you fail to appear and answer at the time and place stated in this Summons,
judgment by default will be taken against you for the relief demanded in the Complaint/Petition. If you do not pay the judgment,
a portion of your wages may be garnished and certain of your property may be sold in   order to raise the money necessary to
pay the judgment.

WITNESS, THOMAS L. KLOEPPINGER, CLERK of said Court
with the Seal thereof affixed, at St. Louis, Missouri,

this        day of    .

*Thomas Kloeppinger*

**Thomas L. Kloeppinger**
**CIRCUIT CLERK**

SEAL of the CIRCUIT COURT

BY_____

DEPUTY CIRCUIT CLERK

Electronically Filed - St Louis County - June 07, 2022 - 11:32 AM

**RETURN ON SERVICE OF SUMMONS**

I hereby certify that I have served the within summons:

(1)   By delivering on the_____day of_____,_____a copy of the summons with a copy of the complaint annexed to the within-named Defendant,

_____
_____
_____

(2)   By leaving on the_____day of_____,_____for the within-named Defendant

_____
_____ a copy of the

Summons at the respective dwelling place or usual place of abode of said defendant with some person of his or her family over the age of 15 years:

(3)       By_____
_____
_____
_____

        all done in_____County, Missouri.

                Sheriff's Fees:
        Summons ........ $_____Sheriff of_____County, Missouri.
        Non est. ............ $_____
        Mileage..........$_____                     By_____
                                                                                    Deputy Sheriff
        **Total** ...............$_____

                                NO._____
                                DIV._____

                        _____
                        _____

                                **SUMMONS**

                        _____
                        _____

                                IN THE CASE OF
                        _____
                        _____
                        _____

                                Plaintiff_____

        Vs
                        _____
                        _____

                                Defendant_____

Electronically Filed - St Louis County - June 07, 2022 - 11:32 AM

In The
Missouri Circuit
Court
Twenty-Second Judicial
Circuit(St. Louis City)

Electronically Filed - St. Louis County - June 07, 2022 - 11:32 AM

STATE OF MISSOURI
CITY OF ST. LOUIS
} SS

**MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL COURT**
(ST. LOUIS CITY)

Mylas Rome

_____
Plaintiff(s)/Petitioner(s)

vs.

Edward Chabala, Werner Enterprises, Inc., Love's Travel Stop, & John Doe's 1-5

_____
Defendant(s)/Respondent(s)

CAUSE NO. _____

DIVISION NO. _____

## ALIAS/PLURIES SUMMONS

THE STATE OF
MISSOURI,

TO THE SHERIFF OF THE CITY OF ST. LOUIS OR OTHER PERSON
PROVIDED BY LAW,  GREETINGS:

We command you to
summon Defendant          Love's Travel Stop
whose address is By registered Agent at: 120 C Central Avenue, Clayton MO 63105

to appear before the Circuit Court of the City of St. Louis, Division No. ——; in the Civil Courts Building, located at
Tucker and Market Streets, in  St. Louis, Missouri, on the 6th day of July ,2022

to answer Complaint/Petition of the above named Plaintiff(s). The nature of this suit concerns the
following:

_____

_____

and the Plaintiff(s) is/are demanding the sum of $_____Dollars plus interest, attorney fees, late charges,
and court costs.

Each Defendant is hereby notified that if you fail to appear and answer at the time and place stated in this Summons,
judgment by default will be taken against you for the relief demanded in the Complaint/Petition. If you do not pay the judgment,
a portion of your wages may be garnished and certain of your property may be sold in   order to raise the money necessary to
pay the judgment.

WITNESS, THOMAS L. KLOEPPINGER, CLERK of said Court
with the Seal thereof affixed, at St. Louis, Missouri,

this          day of          .

_Thomas Kloeppinger_

**Thomas L. Kloeppinger
CIRCUIT CLERK**

SEAL of the CIRCUIT COURT

BY_____

DEPUTY CIRCUIT CLERK

Electronically Filed - St Louis County - June 07, 2022 - 11:32 AM

## RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served the within summons:

(1)  By delivering on the_____day of_____,_____a copy of the summons with a copy of
the complaint annexed to the within-named Defendant,

_____

_____

_____

(2)   By leaving on the_____day of_____,_____for the within-named Defendant

_____ a copy of the
Summons at the respective dwelling place or usual place of abode of said defendant with some person of his or her family over the
age of 15 years:

(3)      By_____

_____

_____

_____

all done in_____County, Missouri.

Sheriff's Fees:
Summons ........ $_____Sheriff of_____County, Missouri.
Non est. ........... $_____
Mileage. ......... $ _____          By_____
                                                                                                 Deputy Sheriff
Total ..............$_____

NO._____
DIV._____

_____
_____

**SUMMONS**

_____
_____

IN THE CASE OF

_____
_____
_____

Plaintiff_____

Vs

_____
_____

Defendant_____

Electronically Filed - St Louis County - June 07, 2022 - 11:32 AM

In The
Missouri Circuit
Court
Twenty-Second Judicial
Circuit(St. Louis City)

Electronically Filed - St. Louis County - June 07, 2022 - 11:32 AM

STATE OF MISSOURI } SS
CITY OF ST. LOUIS

### MISSOURI CIRCUIT COURT
### TWENTY-SECOND JUDICIAL COURT
(ST. LOUIS CITY)

Mylas Rome
_____
Plaintiff(s)/Petitioner(s)

CAUSE NO. _____

vs.
Edward Chabala, Lakemer Enterprises Inc.,
Loves Travel Stop, a John Does 1-5
_____
Defendant(s)/Respondent(s)

DIVISION NO. _____

## ALIAS/PLURIES SUMMONS

THE STATE OF
MISSOURI,

TO THE SHERIFF OF THE CITY OF ST. LOUIS OR OTHER PERSON
PROVIDED BY LAW, GREETINGS:

We command you to
summon Defendant    Lakemer Enterprises Inc.
whose address is  By registered Agent at: 12747 Olive Blvd, Suite 300 St. Louis Mo 63141

to appear before the Circuit Court of the City of St. Louis, Division No. ——; in the Civil Courts Building, located at
Tucker and Market Streets, in St. Louis, Missouri, on the 10th day of July, 2022

to answer Complaint/Petition of the above named Plaintiff(s). The nature of this suit concerns the
following: Edward chabala was neglegent in scope if employment for Lakemer
Enterprises and drour tractor trailer into Plaintiff's at Love's Travel Stop.

and the Plaintiff(s) is/are demanding the sum of $ + 300,000.00 Dollars plus interest, attorney fees, late charges,
and court costs.

Each Defendant is hereby notified that if you fail to appear and answer at the time and place stated in this Summons,
judgment by default will be taken against you for the relief demanded in the Complaint/Petition. If you do not pay the judgment,
a portion of your wages may be garnished and certain of your property may be sold in  order to raise the money necessary to
pay the judgment.

WITNESS, THOMAS L. KLOEPPINGER, CLERK of said Court
with the Seal thereof affixed, at St. Louis, Missouri,

this         day of        .

_Thomas Kloeppinger_

**Thomas L. Kloeppinger**
**CIRCUIT CLERK**

BY_____
DEPUTY CIRCUIT CLERK



SEAL of the CIRCUIT COURT

Electronically Filed - St Louis County - June 07, 2022 - 11:32 AM

## RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served the within summons:

(1)   By delivering on the_____day of_____,_____a copy of the summons with a copy of the complaint annexed to the within-named Defendant,

_____

_____

_____

(2)   By leaving on the_____day of_____,_____for the within-named Defendant

_____ a copy of the Summons at the respective dwelling place or usual place of abode of said defendant with some person of his or her family over the age of 15 years:

(3)      By_____

_____

_____

_____

all done in_____County, Missouri.

Sheriff's Fees:

Summons ........ $_____Sheriff of_____County, Missouri.

Non est. ............ $ _____

Mileage. .........$ _____         By_____

                                                                                        Deputy Sheriff

Total ...............$ _____


NO._____

DIV._____


_____

_____

**SUMMONS**

_____

_____


IN THE CASE OF

_____

_____

_____


Plaintiff_____

Vs

_____

_____

Defendant_____

In The
Missouri Circuit
Court
Twenty-Second Judicial
Circuit(St. Louis City)

Electronically Filed - St Louis County - June 07, 2022 - 11:32 AM

Electronically Filed - St Louis County - June 15, 2022 - 04:04 PM

**In the**
# CIRCUIT COURT
**Of St. Louis County, Missouri**

Mylas Rome
_____
Plaintiff/Petitioner

vs.

Edward Chabala et al
_____
Defendant/Respondent

June 7, 2022
_____
Date

22SLCC02846
_____
Case Number

_____
Division

For File Stamp Only

## **REQUEST FOR APPOINTMENT OF PROCESS SERVER**

Comes now  Mylas Romes, by and through counsel, _____, pursuant
                            Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
 BRIAN JON_ES.            509 Virginia Lane Clearwater, Florida 33764.      727-442-926
Name of Process Server           Address                                    Telephone

 Brian Jones            PO Box 6415-33758 Clearwater, Florida 33764
Name of Process Server       Address or in the Alternative                  Telephone

_____
Name of Process Server           Address or in the Alternative             Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
 Edward Chabla
_____
Name
 2555 Nursery Road Apart 3101
_____
Address
 Clearwater Florida 33764
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

By _____
        Deputy Clerk

_____
Date

/s/ Cephus Richard, III
_____
Signature of Attorney/Plaintiff/Petitioner
 b59664
_____
Bar No.
 4303 N. Central Expressway Dallas TX 7520 5
_____
Address
 (214) 432-6558
_____
Phone No.                                      Fax No.

CCADM62-WS    Rev. 07/19

Electronically Filed - St Louis County - June 15, 2022 - 04:04 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system. Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS       Rev. 07/19

Electronically Filed - St Louis County - June 15, 2022 - 04:04 PM

**IN THE CIRCUIT COURT OF SAINT LOUIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| MYLAS ROME, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )  Jury Trial Demand |
| Eduardo Chabala, | ) |
| Individually, | ) |
| WERNER ENTERPRISES, INC | )  Petition for Injuries |
| LOVE's TRAVEL STOP, INC. | ) |
| And John Does 1-5, Individually | ) |
| | ) |


**MEMO INCLUDING ADDITION FEES FOR THE ENRTY OF SHERIFF'S SERVICE OF PRCESS SUMMONS**

COMES NOW, Mylas Rome, by and through counsel, and provides the following service addresses for the above referenced Defendants and prays that for the issuance of a Summons to accompany the Petition to each Defendant.  Additionally, counsel is adding the remaining balance of $10.00 to satisfy the full cost of Entry of Sheriff's services to serve the below listed Defendants.

1. Defendant, Werner Enterprises, Inc. is a Nebraska corporation registered to do business in Missouri  as Werner Trucking Enterprises, Inc. and can be served with process via their registered agent at 12747 Olive Blvd, suite 300 St Louis, MO 63141.

1

Electronically Filed - St Louis County - June 15, 2022 - 04:04 PM

2. Love's Travel Stop is an Oklahoma corporation who has operations in Missouri and has a registered agent located at 120 S Central Avenue, Clayton Missouri, 63105.

Respectfully submitted,

LAWSON LAW FIRM, PC

/s/ Yari D. Lawson
Yari D. Lawson

Georgia Bar No. 076180

1755 N Brown Rd Suite 200

Lawrenceville, GA 30043

(678) 690-5256

yari@lawsonfirm.com

/s/ Cephus Richard
Cephus Richard, III

Missouri Bar No.b 59664

Richard Trial Attorney, PLLC

4303 N. Central Expressway

Dallas, TX 75205

**Attorneys for Plaintif**

2

Electronically Filed - St Louis County - July 12, 2022 - 09:30 AM

**IN THE CIRCUIT COURT OF SAINT LOUIS COUNTY**

**STATE OF MISSOURI**

| | |
|---|---|
| MYLAS ROME, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )  Jury Trial Demand |
| Eduard Chaballa, | ) |
| Individually and | ) |
| , and WERNER ENTERPRISES | ) Petition for Injuries |
| INC, | ) |
| LOVES's TRAVEL STOP, INC | ) |
| and John Doe 1-5, Individually | ) |
| Defendants. | ) |

**AMENDED PETITION FOR INJURIES**

COMES NOW Plaintiff Mylas Rome and files this Petitions agains Defendants for injuries pursuant R.S.Mo. § 537.020, and states and alleges as follows:

**PARTIES**

1.     Plaintiff Mylas Rome is an individual who resides in Lagrange, Georgia.

2.      Werner Trucking Enterprises is a Nebraska corporation registered to do business in Missouri  as Werner Trucking Enterprises, Inc. and can be served at 12747 Olive Blvd, suite 300 St Louis, MO 63141.

1

Electronically Filed - St Louis County - July 12, 2022 - 09:30 AM

3.     Defendant Eduardo Chaballa is an individual adult who is a resident of Pinellas County, Florida. Chabala may be served at 2555 Nursery Rd. Apt 3101, Clearwater, FL 33764.

4.     At all times material hereto, Werner Trucking Enterprises, Inc. assigned USDOT Number was 53467 and its assigned MC Number was 138328.

5.     Love's Travel Stop is an Oklahoma corporation who has operations in Missouri and has a registered agent located at 120 C Central Avenue, Clayton Missouri, 63105.

6.     John Doe's 1-5 are individuals who are and may be residents of Saint Louis County Missouri and are employees of Love's Travel Stop.

<u>**JURISDICTION AND VENUE**</u>

7.     This Court has subject matter jurisdiction.

8.     This Court has personal jurisdiction over Defendants because all Defendants committed tortious acts in the State of Missouri, the Motor Carrier defendants conduct substantial business operations in the State of Missouri, the Motor Carrier defendants have consented to jurisdiction under 49 U.S.C. § 10330, Defendant Werner is also a foreign corporation, authenticated and registered to do business in the state of Missouri, and one or more of the Defendants reside within the jurisdiction of this Court.

9.     Venue is proper in this Court pursuant to R.S.Mo § 508.010.4 because the tortious acts and conduct of the Defendants occurred in this county.

Electronically Filed - St Louis County - July 12, 2022 - 09:30 AM

## COMMON FACTUAL ALLEGATIONS

10.     The injuries occurred as a result of a collision that took place on or about July 28th 2020 at the Love's Travel Stop located at 13945 Missouri Bottom Road in Bridgeton Missouri, 63044, Saint Louis County.

11.     Edward Chabala, an employee of Werner Trucking Enterprises, Inc., acting in the course and scope of employment for Werner, was driving a tractor-trailer owned and/or controlled by Werner.

12.     Defendant, Chabala was driving the Werner tractor-trailer in the through the parking lot of the Love's Travel Stop when he was attempting to park the tractor-trailer in a reserved parking area.

13.     While attempting to back the tractor-trailer into the parking spot, Defendant Chabala failed to maintain safe control of the tractor-trailer and backed the tractor-trailer into the front end of the tractor-trailer that was under the care and control of Plaintiff, Mylas Rome.

14.     At all times relevant to the set of facts that give rise to this incident, Plaintiff was sitting in this driver's seat of his parked tractor-trailer resting at the truck stop and appropriately parked.

15.     When Defendant Chaballa backed  his tractor-trailer into Plaintiff Rome's tractor-trailer, the collision caused damage to the front bumper of Mr. Rome's truck and caused the steering of the tractor-trailer to push into Mr. Rome's abdomen.

16.     After the collision, Defendant Chabala failed to stop, instead; he

3

Electronically Filed - St Louis County - July 12, 2022 - 09:30 AM

continued to drive out of the trucking stop until he was apprehended on the highway by a responding law enforcement officer.

17.     As a direct and proximate result of the collisions, Mylas Rome suffered serious and permanent physical injuries.

### COUNT I – CLAIMS AGAINST DEFENDANTS WERNER AND CHABALA

18.     Plaintiff hereby adopts by reference the allegations contained inparagraphs 1 through 17 as though set forth in full and restated herein.

19.     Defendant Werner is and was at all times material hereto a "motor carrier" and an "employer" of drivers of "commercial vehicles" as those terms are used and defined in the Federal Motor Carrier Safety Regulations and is subject to such rules and regulations as promulgated and codified within 49 C.F.R. Parts 382 et. seq.

20.     At all times material hereto, the Werner tractor-trailer was a "commercial motor vehicle" under 49 C.F.R. § 390.5.

21.     The Federal Regulations cited herein are adopted and enforced by the State of Missouri as standards and laws of this state pursuant to R.S.Mo. §390.201.

22.     At all times material hereto, Chabala was the agent, servant and employee of Werner, and Werner had the authority, right and duty to control and supervise him.

23.     At all times material hereto, Chabala operated the tractor-trailer

Electronically Filed - St Louis County - July 12, 2022 - 09:30 AM

under the USDOT Motor Carrier Authority of Werner.

24.     At all times material hereto, Chabala operated the tractor-trailer with the knowledge, consent and permission of Werner.

25.     Werner is vicariously liable for Chabala's negligence and recklessness pursuant to the principles of agency and *respondeat superior*.

26.      Werner and Chabal owed a duty to operate the tractor-trailer with the highest degree of care and in a very careful, prudent and lawful manner in order to avoid harming anyone.

27.     Chabala failed to exercise the highest degree of care, and failed to conduct himself in a careful, prudent, and lawful manner, and was negligent and reckless in the operation of a commercial motor vehicle in one or more of the following respects:

    a.     In driving too fast for the conditions and circumstances.

    b.     In failing to look for, appreciate and respond to unsafe driving indicators and conditions;

    c.     In failing to keep a careful look out;

    d.     In failing to reduce his speed after observing unsafe driving conditions;

    e.     In operating the Werner tractor-trailer on the roadway when conditions required him to stop operating a commercial motor vehicle on the roadway;

    f.     In failing to maintain control of the commercial motor vehicle;

    g.     In failing to properly look out for blind spots;

    h.     In improperly backing the tractor trailer

    i.     In operating a commercial motor vehicle in a fatigued, ill and/or

impaired condition;

j.      In permitting his tractor-tractor to strike a vehicle that was parked;

k.      In violating applicable provisions of the Federal Regulationsand/or other applicable statutes and/or codes; and

l.      Such other acts and omissions of negligence as may be shown during the discovery and trial of this matter.

28.     Each of the above acts and/or omissions, singularly and cumulatively, constitute negligence and were a proximate cause or contributing cause of the resultinginjuries, death and damages alleged herein.

29.     Independent of its vicarious liability, Defendant Werner had a duty to exercise reasonable care in hiring, retaining, training and supervising its drivers and other employees, including Chabala.

30.     Independent of its vicarious liability, Defendant Werner had a duty to exercise reasonable care in entrusting its vehicles and equipment— and any and all vehicles and equipment under its control—to responsible, competent and qualified drivers.

31.     Independent of its vicarious liability, Werner failed to exercise reasonablecare and was itself negligent, careless and reckless in one or more of the following respects:

a.      In entrusting its tractor-trailer to an individual who it knew or should have known had inadequate experience, training and knowledge to safely operate the vehicle;

b.      In entrusting its tractor-trailer to an individual who it knew or should have known had exhibited a pattern of negligence and recklessness;

6

Electronically Filed - St Louis County - July 12, 2022 - 09:30 AM

c.    In hiring Chabala and entrusting him with the tractor-trailer;

d.    In failing to adequately train, instruct, supervise and monitor Chabala concerning the safe operation of a tractor-trailer;

e.    In failing to adequately train, instruct, supervise and monitor Chabala regarding proper lookout, backing into a parking spot, the relationship between speed, visibility and reaction time, and avoiding distractions;

f.    In failing to train, instruct, supervise and monitor Chabala regarding proper procedures and protocols to anticipate and to be followed in the event of an emergency;

g.    In failing to train, instruct, supervise and monitor Chabala regarding proper procedures and protocols to safely park a vehicle in a truck stop and how to properly back a tractor-trailer into a parking spot at a truck stop.

h.    In failing to train, instruct, supervise and monitor Chabala to make sure he was not too fatigued or ill, or not likely to become too fatigued or ill, to safely operate a commercial motor vehicle;

i.    In permitting or requiring Chabala to operate a tractor-trailer when he was too fatigued or impaired to operate a commercial motor vehicle safely; and

j.    Such other acts and omissions of negligence as may be shown during the discovery and trial of this matter.

32.    Each of the above acts and/or omissions, singularly and cumulatively, constitute negligence and were a proximate cause or contributing cause of the resulting injuries, death and damages alleged herein.

33.    Chabala and Werner were negligent *per se* in violating certain Missouri

Electronically Filed - St Louis County - July 12, 2022 - 09:30 AM

Statutes. and Federal Motor Carrier Safety Regulations which were enacted for the benefit of Mylas Rome, Plaintiff and others traveling on public roadways, including, but not limitedto the following:

a.  R.S.Mo. § 304.014, requiring all persons operating or driving a vehicle on the highways of Missouri to observe and comply withthe rules of the road;

b.  R.S.Mo. § 304.017, requiring that drivers not follow another vehicle more closely than is reasonably safe and prudent, havingdue regard for the speed of such vehicle and the traffic upon andthe condition of the roadway;

c.  49 C.F.R. §390.3, which requires motor carriers to be knowledgeable of and comply with all regulations applicable to it and requires it to instruct every driver and employee with regard to all applicable regulations;

d.  49 C.F.R. §391.11, which prohibits a person from diving a commercial motor vehicle unless he or she is qualified to drive acommercial motor vehicle;

e.  49 C.F.R. §383.111, which requires that all commercial motor vehicle operators have knowledge of the following areas: procedures for safe vehicle operations; the effects of fatigue, poor vision and general health upon safe commercial motor vehicle operation; proper procedures needed to use a commercial motor vehicle's safety systems in an emergency situations; speed management and variables such as speed, visibility, surface conditions, traffic flow and stopping distance; hazard perception; emergency maneuvers such as evasive steering, emergency stopping, and brake failure;

f.  49 C.F.R. §396.7(a), which states that a motor vehicle shall not beoperated in such a condition as to likely cause an accident or a breakdown of the vehicle;

g.  49 C.F.R. §392.2, which requires that every

Electronically Filed - St Louis County - July 12, 2022 - 09:30 AM

commercial motor vehicle be operated in accordance with the laws, ordinances and regulations of the jurisdiction in which it is being operated;

h.    49 C.F.R. §392.3, which provides that no driver shall operate a motor vehicle and a motor carrier shall not require or permit a driver to operate a motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness or any other cause, as to make it unsafe for him to begin or continue to operate the motor vehicle;

i.    49 C.F.R. §390, which states that no person shall aid, abet, encourage, or require a motor carrier or its employees to violate the Federal Motor Carrier Safety Regulations;

j.    40 C.F.R. §390.3(e)(1), which requires motor carriers to be knowledgeable and comply with all regulations applicable to it and requires it to instruct every driver and employee with regard to all applicable regulations;

k.    4 C.F.R. §391.11, which prohibits a person from driving a commercial motor vehicle unless he/she is qualified to drive a commercial motor vehicle;

l.    49 C.F.R. part 395 which prohibits a driver from operating a commercial motor vehicle after the driver has reached the maximum hours of service;

m.    9 C.F.R § 392.80, which prohibits texting while driving;

n.    49 C.F.R. § 392.82, which prohibits use of a hand-held mobile telephone while driving; and

o.    Such other acts and/or omissions of negligence as may be shown during the discovery and trial of this matter.

34.    Mylas Rome was within the class of persons intended to be protected by these statutes and federal regulations.

35.    These statutes and federal regulations were designed and

Electronically Filed - St Louis County - July 12, 2022 - 09:30 AM

intended to prevent the type of injuries by Plaintiff.

36.     Each of the above acts and/or omissions, singularly and cumulatively, constitute negligence *per se* and were a proximate cause or contributing cause of the resulting injuries, death and damages alleged herein.

37.     At the time Chabala was operating the tractor-trailer and caused the collisions, he knew or in the exercise of ordinary care should have known that his conduct was outrageous and created a high degree of probability of injury to others and thereby showed willful and wanton disregard for the safety of others, including Plaintiff, which entitles Plaintiff to damages for aggravating circumstances.  Specifically, it is an aggravating circumstance that Chabala failed to cease the operation of his tractor-trailer after striking Plaintiff's tractor trailer and by continuing to to drive out of the truck stop and on to the highway.

38.     Werner is vicariously liable for damages for aggravating circumstances.

39.     Independent of its vicarious liability for Chabala's recklessness and willful and wanton conduct, Werner itself knew or in the exercise of ordinary care should have known that its conduct and the conduct of its employees or agents was outrageous and created a high degree of probability of injury to others, and showed willful and wanton disregard for the safety of others, including Plaintiff, yet required, sanctioned, ratified, and/or permitted such conduct, which entitles Plaintiff to damages for aggravating circumstances.

10

Electronically Filed - St Louis County - July 12, 2022 - 09:30 AM

40.     Plaintiff Mylas Rome, individually, brings claims for personal injuries and damages that he sustained in the collisions.

41.     As a direct and proximate result of Defendants Chabala and Werner's actions and omissions, Plaintiff suffered the following injuries and damages:

      a.    Abdominal contusion and bleeding, respiratory injuries, including shortness of breath, other abdominal and gastrointestinal injuries, abdominal pain, bowel pain and discomfort; and other undiagnosed injuries;

      a.    Operations and surgeries for his injuries, physical therapy and rehabilitation, and long-term acute care;

      b.    Medical expenses in the care and treatment of his injuries and future medical expenses for the remainder of his life;

      c.    Pain and suffering, emotional distress, and the loss of enjoyment of life and future pain and suffering, emotional distress, and the loss of enjoyment of life due to his severe and permanent injuries;

      d.    Lost income, revenue, and lost wages; and the loss of business assets; to wit; his tractor-trailer.

42.     Furthermore, Plaintiff is entitled to damages for aggravating circumstances from Defendant Werner.

**COUNT II. CLAIMS AGAINST LOVE'S TRAVEL STOP AND JOHN DOES 1-5**

43.     Love's Travel Stop (herein after may also be referred to as "Love's") is a 24-hour convenient store for truck drivers and motorists.

Electronically Filed - St Louis County - July 12, 2022 - 09:30 AM

44.     Love's welcomes truck drivers to its locations to to fuel, purchase fuel, and to rest. As a result, their parking lot serves as a truck stop in addition to the fact that their convenient store serves regular motorists.

45.     Love's owes a duty of reasonable care in the construction, layout, design, and flow of its parking lot so that no unsafe condition is created for the truckers invited to its truck stop.

46.     Love's and its managers and employees, John Does, 1-5, knew or should have known about the dangerous condition that existed in the Love's parking lot construction, layout, design, and flow and failed to take adequate measures to correct the unsafe condition.

47.     As a direct and proximate cause of the negligence of Love's and John Does 1-5, the collision that occurred between Chabala and Plaintiff happened and caused serious injuries to Plaintiff.

48.     Love's is vicariously liable for the conduct of John Does 1-5.

WHEREFORE, Plaintiff prays for judgment against all Defendants, jointly and severally, for all allowable damages and for aggravating circumstances damages  in an amount that is fair and reasonable as determined by a jury against Chabala and Werner, prejudgment interest,post-judgment interest, costs and all other proper relief.

Electronically Filed - St Louis County - July 12, 2022 - 09:30 AM

## JURY DEMAND

Plaintiff demands a jury trial on all issues.

Respectfully submitted,

/s/ Yari D. Lawson
_____

Yari D. Lawson

Georgia Bar No. 076180

1755 N Brown Rd Suite 200

Lawrenceville, GA 30043

(678) 690-5256

yari@lawsonfirm.com


/s/ Cephus Richard
_____

Cephus Richard, III

Missouri Bar No.b 59664

Richard Trial Attorneys, PLLC

4303 N. Central Expressway

Dallas, TX 75205


**Attorneys for Plaintiff**



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>RICHARD M STEWART | Case Number:  22SL-CC02846 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MYLAS ROME<br><br>                                              vs. | Plaintiff's/Petitioner's Attorney/Address<br>CEPHUS RICHARD III<br>510 W  6TH<br>JOPLIN, MO  64801 | **SHERIFF FEE PAID** |
| Defendant/Respondent:<br>EDWARD CHABALA | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:  LOVE'S TRAVEL STOP INC**<br>                                              **Alias:** | |

120 S CENTRAL AVE
CLAYTON, MO  63105

*COURT SEAL OF*



*ST. LOUIS COUNTY*

          You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
          **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>12-JUL-2022</u>
**Date**

_____
                                  /Clerk

**Further Information:**
**AD**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with

_____a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____           _____
          Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

          *(Seal)*

My commission expires: _____           _____
                                            Date                                              Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00____ |
| Mileage | $_____  (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>RICHARD M STEWART | Case Number:  22SL-CC02846 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MYLAS ROME<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CEPHUS RICHARD III<br>510 W  6TH<br>JOPLIN, MO  64801 | **SHERIFF FEE<br>PAID** |
| Defendant/Respondent:<br>EDWARD CHABALA | Court Address:<br>ST LOUIS COUNTY COURT BUILDING | |
| Nature of Suit:<br>CC Pers Injury-Vehicular | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **WERNER ENTERPRISES INC**
                    **Alias:**

**12747 OLIVE BLVD**
**SUITE 300**
**ST LOUIS, MO  63141**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

        **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**
        **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>12-JUL-2022</u>
**Date**

**Further Information:**
**AD**

_____
Clerk

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with

_____a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
      Printed Name of Sheriff or Server                                      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

               My commission expires: _____          _____
*(Seal)*                                  Date                                  Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>RICHARD M STEWART | **Case Number:  22SL-CC02846** |
| Plaintiff/Petitioner:<br>MYLAS ROME<br><br>**vs.** | Plaintiff's/Petitioner's Attorney/Address:<br>CEPHUS RICHARD III<br>510 W 6TH<br>JOPLIN, MO  64801 |
| Defendant/Respondent:<br>EDWARD CHABALA | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | |

*(Date File Stamp)*

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  EDWARD CHABALA
           **Alias:**
**2555 NURSERY ROAD APT 3101**
**CLEARWATER, FL  33764**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

    **You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.**
    **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

    **12-JUL-2022**
       **Date**
    **Further Information:**
    **AD**

_____
                            **Clerk**

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ _____ (state).
3. I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person at least 18 years of age residing therein.

    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____    _____
Printed Name of Sheriff or Server                Signature of Sheriff or Server

      **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
      I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
                   ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                     (use for out-of-state officer)
*(Seal)*               ☐ authorized to administer oaths.  (use for court-appointed server)

_____
                           Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

*See the following page for directions to clerk and to officer making return on service of summons.*

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE")</u>:** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial</u>:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial</u>:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## <u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

**RETURN**

SB
R-11

| Judge or Division:<br>RICHARD M STEWART | Case Number:  22SL-CC02846 |
|---|---|
| Plaintiff/Petitioner:<br>MYLAS ROME | Plaintiff's/Petitioner's Attorney/Address<br>CEPHUS RICHARD III<br>510 W 6TH<br>JOPLIN, MO 64801 |
| vs. | **SHERIFF FEE PAID** |
| Defendant/Respondent:<br>EDWARD CHABALA | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  LOVE'S TRAVEL STOP INC
                        Alias: 22
                        DARBH
                        MM

120 S CENTRAL AVE
CLAYTON, MO 63105

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

__12-JUL-2022__
Date

_____
Clerk

Further Information:
AD

RECEIVED 2022 JUL 13 AM 10: 04 ST. LOUIS COUNTY SHERIFF'S OFFICE

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title)

☑ other NON-EST; NO SUITE NUMBER FOR ADDRESS, 7-14-22 8:38 Am

Served at _____ (address)

in MARK DARBY (County/City of St. Louis), MO, on _____ (date) at Mark Darby (time).

MARK DARBY
Printed Name of Sheriff or Server

Mark Darby
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
                                    Date

_____
Notary Public

JOAN M GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

FILED
JUL 15 2022

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>RICHARD M STEWART | Case Number: 22SL-CC02846 |
| Plaintiff/Petitioner:<br>MYLAS ROME<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CEPHUS RICHARD III<br>510 W 6TH<br>JOPLIN, MO 64801 |
| Defendant/Respondent:<br>EDWARD CHABALA | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | |

**SHERIFF FEE PAID**

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: WERNER ENTERPRISES INC
Alias:

12747 OLIVE BLVD
SUITE 300
ST LOUIS, MO 63141

*COURT SEAL OF*

*ST. LOUIS COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
      SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

12-JUL-2022
Date

Further Information:
AD

_____
Clerk

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person at least 18 years of age residing therein.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_Emily_ (name) _Rep_ (title).
☐ other
Served at _12747 Olive Blvd_ (address)
in _STL_ (County/City of St. Louis), MO, on _7/14/22_ (date) at _0820_ (time).
_Rex Baumgartner_ _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server
Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn before me on _____ (date).

(Seal)

My commission expires: _____
Date        Notary Public

FILED

JUL 18 2022

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

OSCA (7-99) SM40 (SMCC) *For Court Use Only:* Document ID# 22-SMCC-5791     1     Rule 86.05; 523.030 RSMo

**Sheriff's Fees, if applicable**

| | | | |
|---|---|---|---|
| Summons | $_____ | | |
| Non Est | $_____ | | |
| Sheriff's Deputy Salary | | | |
| Supplemental Surcharge | $____10.00_____ | | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) | |
| **Total** | $_____ | | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73