UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MYLAS ROME, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:22-cv-823-MTS |
| | ) |
| EDUARD CHABALLA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Love's Travel Stops and Country Stores, Inc.'s Motion to Dismiss, Doc. [27], the single count against it in Plaintiff's two-count Petition, Doc. [8], pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court will grant Defendant's Motion.

**I.   BACKGROUND**

This case arises out of a motor vehicle collision between Plaintiff Mylas Rome and co-defendant Eduard Chaballa ("Chaballa")[1] at a store operated by Defendant Love's Travel Stops and Country Stores, Inc. ("Defendant"). Plaintiff alleged Chaballa "failed to maintain safe control" of his tractor-trailer and backed into Plaintiff's tractor-trailer. Doc. [8] ¶ 13. As a result, Plaintiff sustained injuries to his truck and person. *Id.* ¶ 15. Plaintiff brought a claim (Count I) against Chaballa,[2] alleging Chaballa "failed to exercise the highest degree of care" and drove his

---

[1] The Court dismissed this action against defendant Chaballa because Plaintiff failed to serve him. *See* Doc. [25]; *see also* Fed. R. Civ. P. 4(m).

[2] At the time of accident, Chaballa was "acting in the course and scope of employment" for Werner Enterprises, Inc., another named party in the action in Count I. Doc. [8] ¶ 11. Later, Plaintiff dismissed his claim against Werner. Doc. [36].

truck in a "reckless" manner, including, but not limited to, "driving to[o] fast for the conditions and circumstances," "failing to look for, appreciate and respond to unsafe driving indicators and conditions," "failing to keep a careful look out," "failing to reduce his speed after observing unsafe driving conditions," "failing to maintain control of the commercial motor vehicle," "failing to properly look out for blind spots," and "operating a commercial motor vehicle in a fatigued, ill and/or impaired condition." *Id.* ¶ 27. Plaintiff also brings a claim against Defendant (Count II), alleging Defendant "knew or should have known about the dangerous condition that existed in [Defendant's] parking lot construction, layout, design, and flow and failed to take adequate measures to correct the unsafe condition." *Id.* ¶ 46. According to Plaintiff, "[a]s a direct and proximate cause of the negligence of" Defendant, "the collision that occurred between Chabala and Plaintiff happened and caused serious injuries to Plaintiff." *Id.* ¶ 47. In the instant Motion, Defendant seeks to dismiss the sole claim against it for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Doc. [27].

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a pleading to state a claim for relief it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must contain facts sufficient to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" when the plaintiff pleads factual content that allows the court to draw the "reasonable inference" that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. And,

2

merely providing "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements, do[es] not suffice." *Iqbal*, 556 U.S. at 678.  While the Court must assume all factual allegations in the complaint are true when considering a Rule 12(b)(6) motion, *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989) & *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014), the Court "need not accept as true plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

### III.   DISCUSSION

The only allegations in the Complaint that pertain to Defendant are "threadbare recitals of of [the] cause of action's elements." *Iqbal*, 556 U.S. at 663; *see* Doc. [8] ¶¶ 45–47.  This is insufficient to withstand a motion to dismiss.  As an example, Plaintiff alleged Defendant "knew or should have known about the dangerous condition that existed in" its parking lot.  Doc. [8] ¶ 46.  But, at no point does Plaintiff allege *what* the "dangerous condition" was that allegedly existed in Defendant's parking lot or in its "construction, layout, design, and flow" about which Defendant allegedly should have known.  Such "'naked assertions' devoid of 'further factual enhancement'" does not suffice.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Nor can the Court conceivably draw a "reasonable inference" that Defendant may be liable here. *Iqbal*, 556 U.S. at 678.  By Plaintiff's *own* allegations, Plaintiff was injured by the "reckless" driving of Chaballa.  *See, e.g.*, Doc. [8] ¶¶ 13–15, 27.  Plaintiff completely fails to connect his injuries to any duty allegedly owed to him by Defendant.  In other words, Plaintiff fails to allege the dangerous condition was the direct and proximate cause of his injury.  *Rayman v. Abbott Ambulance, Inc.*, 546 S.W.3d 12, 18 (Mo. Ct. App. 2018) ("[E]stablishing proximate cause is an essential element of negligence, and if the plaintiff cannot establish that defendant's negligent conduct was the proximate cause of his or her injuries, his or her negligence claim must fail.").

3

## CONCLUSION

Even in the most liberal construction and in a light most favorable to Plaintiff, Plaintiff fails to state a claim against Defendant. For the foregoing reasons, Defendant's Motion to Dismiss is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Love's Travel Stops and Country Stores, Inc.'s Motion to Dismiss, Doc. [27], is **GRANTED**. The Court will enter a separate Order of Dismissal in accordance with this Memorandum and Order.

Dated this 3rd of March, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE